**STATE OF FLORIDA, ex rel. K. W. DRESSKELL, v. THE CITY OF MIAMI, a municipal corporation; A. B. CURRY, as City Manager and Director of the Department of Public Safety of the City of Miami; GEORGE W. LANGFORD, as a member of and as Secretary and Chief Examiner of the Civil Service Board of the City of Miami; A. E. FULLER, as Director of the Department of Finance of the City of Miami; and H. LESLIE QUIGG, as Chief of Police of the Division of Public Safety of the City of Miami, Florida.**

13 So. (2nd) 707                                          January Term, 1943

June 1, 1943                                                        Division B

*Jack Moore,* for appellant.

*J. W. Watson, Jr.,* and *William W. Charles* and *Frank Parson* for appellees.

SEBRING, J.:

K. W. Dresskell was employed as a parking meter collector and repairman in the Department of Public Safety of the City of Miami. The salary for the position is fixed by the City Manager and appropriated by municipal ordinance. The duties of the employment are performed under the supervision and control of the City Manager and the Director of Public Safety. The position is required to be filled from an eligibility list prepared by the Civil Service Board of Miami, as a result of competitive examination. When appointed, such employee becomes a member of the classified civil service, under the civil service law pertaining to the City of Miami. Thereafter, such employee is entitled to retain such position until discharged, reduced, promoted, or transferred in accordance with the provisions of the civil service law.

Dresskell was discharged. He appealed to the Civil Service Board of Miami for reinstatement. The Board reviewed the matter and found that his removal was not in conformance with law and that he should be restored to his position with pay from the date of discharge to the date of his restoration to service.

Several months had elapsed between the date of discharge and the final findings of the Board. During part of that time Dresskell had been employed elsewhere by a private employer, on a full-time basis. The monthly salary that he had received in private employment was greater than the amount that he had been receiving monthly from the City.

Dresskell brought mandamus to require the City to reinstate him and to allow him back salary, in pursuance of the findings of the Civil Service Board. The City answered admitting his right to reinstatement and the recovery of back salary, but insisting that his earnings from private labor should be applied upon and deducted from it. Dresskell

moved for a peremptory writ the return notwithstanding. Upon hearing, the trial court entered its judgment that the writ do issue, but found that the amount of back salary otherwise recoverable should be reduced by the amount earned by Dresskell in private employment. Dresskell appealed from the judgment. The question is whether the City is entitled to offset the amounts earned by the appellant during the period of his illegal discharge, in this action brought by him to recover back salary.

The appellant claims that as his tenure of employment under civil service is fixed by law and not by contract, and may not be disturbed except in strict accordance with applicable provisions of the civil service law, his right to the salary for the period follows as an incident to the employment. In other words, appellant submits that to his position should be applied the familiar rule of law pertaining to public officers which recognizes that if one is lawfully entitled to a public office his right to salary attaches to the office and may be recovered in full, irrespective of any service rendered and without regard to the fact that he may have earned money elsewhere in private employment.

We do not think that this contention is well-founded. There can be no dispute that by the great weight of authority, the rule contended for by the appellant is applicable to holders of public office. Fitzsimmons v. City of Brooklyn, 102 N. Y. 536, 7 N.E. 787, 55 Am. Rep. 835; McQuillin, Municipal Corporations, Revised, Vol. 2, Sec. 539, p. 319, 37 Am. Jur. Sec. 258, p. 83; Annotation: 53 A.L.R. 924. But so far as we have been advised by a perusal of the authorities on the subject, no court has ever allowed recovery in a case like the one before us now, except upon a finding, as a predicate for recovery, that the aggrieved person in the particular case was an "officer" as distinguished from "an employee." Such was the finding made in City of Fort Smith v. Quinn, 174 Ark. 863, 296 S.W. 722, 53 A.L.R. 921, so confidently relied upon by the appellant; and of all other authorities cited in the Quinn case in support of the conclusion reached by the Arkansas court.

There is a distinction between an officer and an employee.

The term "office" implies a delegation of a portion of the sovereign power to, and the possession of it by, the person filling the office. The term "employment" does not comprehend a delegation of any part of the sovereign authority, or authorize the exercise in one's own right of any sovereign power, or any prescribed independent authority of a governmental nature. State ex rel. Holloway v. Sheats, 78 Fla. 583, 83 So. 508.

We are not advised by the record just what the duties of a parking meter collector and repairman are, under the Civil Service Laws of Miami; but we think that we are justified in assuming that the title given to the position is fairly descriptive of the duties required to be performed. A parking meter collector, we presume, is one who goes about over the city collecting tolls that are deposited in municipally-owned parking meters by motor vehicle operators for the privilege of parking on the public streets. A parking meter repairman, we suppose, is one charged with the duty of repairing them when they become out of order.

Manifestly, these duties do not comprehend a delegation of any part of the sovereign authority of the municipality, or authorize the exercise in one's own right of any sovereign power or any prescribed independent authority of a governmental nature. Neither is there anything in the civil service law pertaining to the City of Miami, to lead to such a conclusion. See Ch. 10847 Sp. Acts, 1925 as am. by Ch. 19981, Sp. Acts 1939. We hold, therefore, that the appellant was not an officer but an employee, within the generally accepted legal definition of the term; and that consequently the rule applicable to public officers does not apply.

Another point urged by the appellant is that as the rule of mitigation or reduction of damages finds its usual and ordinary operation only in those cases in which claimant is suing for a wrongful breach of contract, it does not apply to an employee under civil service whose salary is fixed by law and not by contract; for the reason that there being no contract there can be no damages for its breach, and hence no occasion or opportunity for the application of the offset rule.

We find no difficulty with this proposition. The principle of "avoidable consequences" upon which the reduction of damages rule is grounded is not confined entirely to the narrow limits suggested by the appellant. It finds its application in virtually every type of case in which the recovery of a money judgment or award is authorized. Sedgwick on Damages, 9th Ed., Sec. 204, p. 390. 15 Am. Jur. Sec. 27, p. 420; 25 C.J.S. Damages, Sec. 33, p. 499. It addresses itself to the equity of the law that a plaintiff should not recover for those consequences of defendant's act which were readily avoidable by the plaintiff. Sutherland on Damages, (1884) Vol. 1, p. 226, et seq.

There is no sound reason why the rule should not be recognized and applied in a mandamus proceeding, so long as by the judgment the moving party is made whole. Mandamus, although a legal remedy, is largely controlled by equitable principles. The writ may be refused for reasons comparable to those which would lead a court of equity, in the exercise of a sound discretion, to withhold its protection of an undoubted legal right. 34 Am. Jur. Sec. 33, p. 829. The application may be denied if the applicant does not come into court with clean hands, or if he refuses to do equity. Crandall, Florida Common Law Practice, Sec. 471, p. 637.

The appellant has asked for reinstatement and back salary. The appellee has admitted its mistake in discharging him, and has offered to reinstate him and make him whole. It is only equitable and just that if he has had some gainful employment in the interim the remuneration received should be deducted from the accrued salary due him.

The judgment appealed from is affirmed.

BUFORD, C. J., BROWN and THOMAS, JJ., concur.