Zimmerman, J.
This court is presented with the question of whether in this original action in mandamus relatrix, on the pleadings, should be awarded a writ directing the respondent to prepare and issue a pay roll report to the Department of Finance of the state of Ohio for relatrix’s benefit, to the end that she may obtain her salary as a state civil service employee from July 15, 1950, the date on which she was reinstated to her former position by order of the Civil Service Commission, to May 15, 1951, the date on which she was restored to her position by respondent.
There can be no doubt as to the authority of the state Civil Service Commission to modify the order removing relatrix from her position. Under Section 486-17a, General Code, employees in the classified civil service of the state, who are removed from their positions by the authority which appointed them, have a right of appeal to the Civil Service Commission of Ohio, which commission, after hearing, “may affirm, disaffirm or modify the decision of the appointing authority, and the commission’s decision shall be final” as concerns an employee occupying the status of relatrix herein.
However, the state Civil Service Commission, being an administrative board created by statute and exercising only quasi-judicial powers, was restricted on the appeal of relatrix to an affirmance, disaffirmance or modification of the action of respondent in removing her from her position.
*268 Although courts in other jurisdictions have taken a different view, this court has consistently held that the extraordinary writ of mandamus is not available to a public employee as a means, directly or indirectly, to recover pay or salary during the time he was wrongfully excluded from his position. Williams, Dir., v. State, ex rel. Gribben, 127 Ohio St., 398, 188 N. E., 654; State, ex rel. White, v. City of Cleveland, 132 Ohio St., 111, 5 N. E. (2d), 331; State, ex rel. Curtis, v. DeCorps, Dir., 134 Ohio St., 295, 16 N. E. (2d), 459; State, ex rel. Conway, v. Taylor, Dir., 136 Ohio St., 174, 24 N. E. (2d), 591; State, ex rel. Greenlun, v. Beightler, Dir., 64 Ohio App., 295, 28 N. E. (2d), 935, affirmed, 137 Ohio St., 377, 30 N. E. (2d), 554; State, ex rel. Ford, v. City of Toledo, 137 Ohio St., 385, 30 N. E. (2d), 553.
In the Williams case cited first above, it is expressly stated in the next to the last paragraph of the per curiam opinion:
“Mandamus will not lie to enforce the payment of a claim unliquidated and indefinite in amount. Whatever view may be entertained by this court with reference to the right of the relator to recover in an action at law compensation or salary, or any portion thereof, for the period of exclusion from office, upon a reexamination of the doctrine announced in the case of the City of Cleveland v. Luttner, 92 Ohio St., 493, 111 N. E., 280, Ann. Cas., 1917D, 1134, we now hold that such question can be considered only in an action at law.’’
Relatrix, according to the allegations of her petition and the admissions of the answer, was removed from her position in the classified civil service on January 15, 1950, and was restored thereto as of May 15, 1951, pursuant to the order of the Civil Service Commission. Consequently, she was actually out *269 of her position for a period of one year and four months.
Conceding, for the purposes of discussion, that, by reason of the order of the state Civil Service Commission in her favor and because she has no adequate remedy at law, relatrix might have recourse to the remedy of mandamus as a means leading to the recovery of back salary, respondent in his answer asserts the affirmative defense of mitigation of damages. That part of the answer dealing therewith has hereinbefore been quoted in the statement of facts. Relatrix has not seen fit to file a motion or a reply thereto and these uncontroverted allegations of the answer tend at least to make doubtful the amount which should be included in any pay roll report to which relatrix might be entitled.
The subject of mitigation of damages frequently arises in those cases where an employee performing services under a contract of hire is wrongfully discharged and sues his employer for damages for breach of the contract. In such an instance, the measure of recovery is the amount of compensation the employee would have received had he been permitted to complete the contract of hire less what he earned or in the exercise of due diligence might have earned in employment of a similar nature in the same locality during the period of time in controversy. See James v. Allen County, 44 Ohio St., 226, 6 N. E., 246, 58 Am. Rep., 821; Harker v. Smith, 41 Ohio St., 236, 239, 52 Am. Rep., 80, 82; 13 Ohio Jurisprudence, 84, Section 23; 26 Ohio Jurisprudence, 249, 250, Sections 125, 126, annotation, 141 A. L. R., 662.
It would seem logically to follow that, if the employee did secure employment or by the exercise of due diligence could have done so and received or could have earned compensation equal to or greater than originally *270 contracted for, Ms claim against the employer who discharged him would fail.
Is or should the rule be different with respect to a public employee when his employment is not regarded as of a contractual character?
In the per curiam opinion in the case of City of Cleveland v. Luttner, 92 Ohio St., 493, 111 N. E., 280, Ann. Cas. 1917D, 1134, this court held in effect that public employment rests on contract, and that a policeman who is wrongfully discharged may recover the amount of his salary less the amount he has otherwise earned during the period he was ousted.
However, in the late case of State, ex rel. Gordon, City Atty., v. Barthalow, Aud., 150 Ohio St., 499, 83 N. E. (2d), 393, this court overruled that part of the Luttner case, which stated that public employment rests on contract, and said:
“* * * the relationship between public officers and public general employees and the public they serve is not ex contractu but is ex lege,” that is, by force of law or as a matter of law.
But no matter whether public employment is treated as ex contractu or ex lege, most of the cases declare that a public employee, even though he holds his position under civil service, is subject to the rule that earnings either actual or which he had the opportunity to receive during the period of wrongful exclusion from public employment should be allowed as an offset against the amount of compensation claimed on account of such wrongful exclusion. See Stockton v. Department of Employment, 25 Cal. (2d), 264, 153 P. (2d), 741; Corfman v. McDevitt et al., Civil Service Comm., 111 Col., 437, 142 P. (2d), 383, 150 A. L. R., 97; Kelly v. Chicago Park Dist., 409 Ill., 91, 98 N. E. (2d), 738; Spurck v. Civil Service Board, 231 Minn., *271 183, 42 N. W. (2d), 720; annotation, 150 A. L. R., 113 et seq; 10 American Jurisprudence (1951 Cumulative Supplement, 101, Section 17).
It is appropriate to remark here that unlike a public employee, a public officer is not amenable to the offset rule. His right to compensation is attached to the office itself, is an incident of the title to the office and not of the exercise of the functions of the office, and a failure to perform the duties of the office does not prevent him from claiming and receiving full compensation. State, ex rel. Clinger, Pros. Atty., v. White et al., Bd. of Commrs., 143 Ohio St., 175, 179, 54 N. E. (2d), 308, 310. For a discussion of the distinction between a public officer and a public employee see State, ex rel. Dresskell, v. City of Miami, 153 Fla., 90, 13 So. (2d), 707, which was an action in mandamus wherein a municipal employee in the classified civil service sought reinstatement to his position plus the allowance of back salary and wherein it was held that the amount earned by such employee during the period of his illegal discharge should be offset against the amount of compensation claimed from the municipality.
In the Kelly case, supra, decided by the Supreme Court of Illinois, it was said near the close of the opinion:
“While we concede that the plaintiffs, as holders of civil service positions, are entitled to their salaries for the period during which they were illegally prevented from performing their duties (People, ex rel. Polen, v. Hoehler, 405 Ill., 322 [90 N. E. (2d), 729]; People v. Brady, 262 Ill., 578 [105 N. E., 1]), the inapplicability of the rule relating to public officers assumes new importance when considering the appellate court’s finding that plaintiffs’ claims for salaries *272 could not be reduced by earnings from outside employment. In their argument on this point plaintiffs again rely on those cases relating to the earnings of public officers, and which we have already determined are inapplicable to these plaintiffs. In addition they advance the argument that the rules relating to the mitigation and reduction of damages are not applicable, because their salaries are fixed by law and not by contract, and that there being no contract there can be no damages for its breach, thus giving no occasion for the application of the offset rule. This was the contention made in the case of State v. City of Miami [153 Fla., 90], 13 So. (2d), 707, where the salary claimant was considered to be an employee rather than an officer. The court said: ‘The principle of “avoidable consequences” upon which the reduction of damages rule is grounded is not confined entirely to the narrow limits suggested by the appellant. It finds its application in virtually every type of case in which the recovery of a money judgment or award is authorized. (Sedgwick on Damages, 9th Ed., Sec. 204, p. 390; 15 Am. Jur., Sec. 27, p. 420; 25 C. J. S., Damages, Sec. 33, p. 499.) It addresses itself to the equity of the law that a plaintiff should not recover for those consequences of defendant’s act which were readily avoidable by the plaintiff. Sutherland on Damages (1884), Vol. 1, p. 226 et seq.’ Again repeating that we consider inapplicable the authorities cited by plaintiffs relating to public officers, we too, as the authorities cited above, are unwilling to confine the principle of unavoidable consequences to the limited application to contract actions suggested by the plaintiffs. While plaintiffs’ right of compensation does not grow out of a contractual relation, it does, unlike that of an officer, grow out of a rendition of services. We see no basis *273 for a finding that plaintiffs are entitled to be paid for their services twice, when none was rendered. It is our view that the appellate court erroneously held that plaintiffs’ salaries could not be reduced by earnings from outside employment.”
It may be that an injustice will result to relatrix herein, but, under the several former decisions of this court denying to a wrongfully removed public employee the remedy of mandamus as a means, directly or indirectly, of recovering compensation and because of that part of the answer not controverted or challenged, raising the issue of mitigation, which disputes relatrix’s right to a pay roll report corresponding with the prayer of her petition, she has not shown that a clear and unequivocal duty rests on respondent to prepare and issue a pay roll report as demanded. There is nothing in the record to show that relatrix was not gainfully employed or that she did not have the opportunity to secure suitable employment during the period of nearly a year and a half that she was excluded from her position with the state. The motion of relator for judgment on the pleadings is, therefore, overruled and respondent’s motion for judgment on the pleadings is sustained and the writ denied.

Writ denied.

Middleton, Taft, Matthias and Hart, JJ., concur.
Weygandt, C. J., and Stewart, J., dissent.