WHITE, JACK F., Associate Judge.
Appellant tax officials are aggrieved by am injunctive decree adjudging $491,619.19 of' appellees’ property in the hands of appel-lees’ brokers to be taxable as class A rather-than class D intangible personal property-under the Florida intangible personal property taxation law, Section 199.02, Florida. Statutes 1957, F.S.A.
*815 According to appellees’ complaint the property in question was not a conventional margin account but an accumulated sum, uninvested and unincumbered, held for ap-pellees’ convenience without interest and withdrawable on demand. The record substantiates these allegations, showing the property to be within appellees’ control and not subject to lien. Appellees reported the property as moneys, or the equivalent thereof, taxable as class A intangible personal property under Section 199.02(1) hereinafter quoted. The Chancellor agreed with this classification contrary to appellants’ strong contention that the property should have been classed in residual class D which pertains to “all other intangible personal property not embraced in classes A, B or C.” Section 199.02(4). Class D intangibles are taxable at a higher rate on the dollar valuation than class A intangibles. Section 199.11, Florida Statutes 1957, 1959, F.S.A.
The parties concede that appellees’ property is not embraced within either class B or class C intangible personal property as defined in Section 199.02(2) and (3) pertaining to investments such as corporate stocks, mortgage notes and taxable bonds. So, in determining the proper classification of the property here involved, we are concerned only with the alternatives of class A or class D intangible personal property defined by the statute as follows:
199.02(1) “Class A intangible personal porperty is hereby defined as all moneys, United States legal tender notes, bank deposits of all kinds, certificates of deposits, cashiers’ and certified checks, bills of exchange, drafts, and money placed with savings, building and loan associations. * * *
199.02(4) “Class D intangible personal property shall include all other intangible personal property not embraced in classes A, B or C.”
The foregoing definitive provisions with reference to class A intangibles are obviously intended to cover intangible properties which are not in themselves investments, but the language does not in terms specify uninvested and unincumbered funds in the hands of the owner’s agent or broker. The absence of such pointed specification provides the basis of appellants’ insistence that appellees’ property necessarily falls within class D embracing all intangible personal property not otherwise classified. Appellants’ position is plausible but, we think, untenable under the facts.
We are mindful of the usual rules of construction employed in ascertaining legislative intent and applying that intent to the facts at hand. In this case we have been specially constrained to analyze in context the several property classifications of the statute in order to arrive at a considered appraisal of the scope and effect of the particular classification with which we are here concerned, viz., class A. In considering a tax statute the law favors that interpretation which imposes the burden uniformly on all standing in the same degree in relation to the tax adopted so as to avoid arbitrary and inequitable results; and the statute must be construed reasonably with the view of carrying out the overall legislative purpose and intent. 51 Am.Jur. Taxation, Sections 308, 315, 317.
In classifying intangible personal property the legislature has seen fit to distinguish between invested and uninvested property as to rates of taxation. This is indicative of an intent to avoid arbitrary results as between property which is presumptively productive and property which is presumptively unproductive. Class A intangibles bear the lowest rate of taxation. The classification is clearly designed to embrace property in which the investment or profit feature is either non-existent or merely incidental to that of commercial convenience or safekeeping. Examples of this category are moneys, United States legal tender notes, cashiers’ checks, drafts and bank deposits.
We are convinced that the legislature did not intend to tax some uninvested property *816 at a higher rate than other uninvested property of the same general class. There is also affirmative justification for allocating appellees’ property to special class A rather than residual class D; and we think the justification is implicit in the statute when construed according to its reasonable in-tendment, giving the words their ordinary meaning.
On behalf of the appellants, in the absence of case law directly in point, it is said to have been a practice of the Comptroller’s office to classify intangible property such as appellees’ under class D intangibles. The statement is not documented by the record, but it is conceded that the Comptroller’s construction of any tax law under his administration is entitled to great weight. It may be decisive where the issue is more delicately balanced than we conceive it to be in this case. Administrative custom can not prevail where, in a particular case, it is found to be in clear conflict with the law judicially construed in relation to established facts. Green v. Stuckey’s of Fanning Springs, Inc., Fla. 1957, 99 So.2d 867.
The considerable value of the property in question and the peculiar manner of handling it make this case unusual, justifying the appellants questioning appellees’ report. It seems almost incredible that appellees should have permitted so much liquid capital to remain idle and entrusted to the custody of brokers rather than invested in securities or deposited in banks. The situation plainly invited inquiry and administrative action by appellant tax officials imposing upon the appellees the burden of explanation.
The appellees regarded the brokers’ custody of their funds as comparable to an ordinary bank account. It appears equally analogous to a gratuitous bailment of money; but whatever terminology is used to describe the precise legal status of the property it would seem to be essentially idle moneys owned and controlled by the appel-lees. Laws of Florida, 1895, Page 3, c. 4322, Sec. 5, F.S.A. § 193.01. 2 Florida Words and Phrases, Money, page 465.
We therefore conclude that where a broker holds for his principal a wholly un-invested and unpledged liquid sum, definite in monetary value and withdrawable on demand in specie or by other form of remittance, such property is tantamount to moneys of the principal within the meaning of Section 199.02(1) Florida Statutes 1957, F.S.A. defining class A intangible personal property for purposes of taxation.
Affirmed.
ALLEN, C. J., and SHANNON, J., concur.