TILLMAN PEARSON, Judge.
The appellee, Joseph A. Loughrey, is a Civil Service employee of the City of Miami. He was charged as follows:
“2. That you have been guilty of conduct unbecoming an employee of the City of Miami in that you have been engaged in outside employment since April 4, 1960 without the permission of your department head, the City Manager and the Civil Service Board, in violation of Section 1 of Rule XVIII of the Civil Service Rules and Regulations and such conduct constituting a violation of Rule XVI, Section 2, Subsections (d) and (e) of the Civil Service Rules and Regulations of the City of Miami, Florida, effective December 15, 1961.”
The Civil Service Board found him guilty and ordered that he be suspended for sixty days. The finding and the suspension were upheld by the City Manager of the appellant-City. The employee, Loughrey, then petitioned for certiorari in the circuit court, where the writ was granted and the finding and decision of the Civil Service Board and the judgment of the City Manager were quashed.
The order granting writ of certiorari states the basis of the court’s action as follows:
“1. That there is a material and fatal variance between the charge of which Defendant was found guilty *237 in the proceedings below and the Civil Service Rules and Regulations (of the City of Miami) under which said ■charges were brought, in that Petitioner was found guilty of acts which occurred prior to December IS, 1961, the effective date of said Rules, with the result that the Respondents are guilty of making ex post facto application of said Rules, contrary to law.
“2. That the record reveals that there is insufficient proof, as a matter of law, to show that Petitioner’s alleged violation of the aforesaid Rules and Regulations was ‘willful’ as required by the provisions of said Rules and that a finding of a ‘willful’ violation was an essential requirement ■of the law which Respondents did not make and could not properly have made in the premises.”
 We are now called on to review •upon appeal the decision of the circuit court. The appellant argues, first, that the circuit court does not have authority to try a matter de novo on petition for writ ■of certiorari. This is, of course, true. De Groot v. Sheffield, Fla.1957, 95 So.2d 912. However, the point which includes the implication that the circuit judge tried this issue de novo is completely unsupported by the record in this case. We find that the record before the circuit judge supports "his conclusion that the Civil Service Board ■did not have before it competent substantial evidence to support its finding.
Appellants’ points 2 and 3, which challenge the authority of the circuit court to reweigh the evidence and his conclusion that the charges were not proved by competent substantial evidence, must neces•sarily be determined against the appellant ■in view of the conclusion we have reached in the discussion of the first point.
Appellant-City’s fourth point urges that the trial judge erred in that portion of his order granting writ of certiorari where he remanded the cause to the Civil Service Board with the following direction:
“ORDERED THAT THIS Cause be remanded with directions to set aside the decision of the Civil Service Board and the Judgment of the City Manager and to enter an appropriate Judgment in accordance with this Order thereby removing the suspension from duty heretofore imposed upon Petitioner and awarding to Petitioner all sums of money due to him for the payment of wages during said period of suspension * *
Under this point it is urged • that the employee was under a duty to mitigate his damages during the period of his suspension and that he therefore is not, as a matter of law, entitled to receive his full pay for the period of suspension. Appellee agrees with this proposition and points out that the circuit judge did not direct payment in full hut directed payment of “all sums of money due to him for the payment of wages during said period of suspension.” We think that the proposition is established that a discharged or suspended public employee, who is subsequently reinstated, has the duty to mitigate his damages during the interim. State ex rel. Dresskell v. City of Miami, 153 Fla. 90, 13 So.2d 707. See also City of Miami v. Kellum, Fla.App.1962, 147 So.2d 147. We therefore modify the order of the circuit judge in the paragraph above quoted to read:
Ordered that this cause be remanded with directions to set aside the decision of the Civil Service Board and the judgment of the City Manager and to enter an appropriate judgment in accordance with this order thereby removing the suspension from duty heretofore imposed upon petitioner and awarding to petitioner all sums of money due to him for payment of wages during said period of suspension less those sums of money which the *238 Board finds were earned or should have been earned, under conditions and opportunities existing during said period of suspension.
The order of the circuit court granting writ of certiorari is amended.
Amended and affirmed.