198 So.2d 854 (1967)
Simon E. RUBIN, Sam A. Goldstein, Allen Goldberg, Henry E. Wolff, Carl Susskind, Paul Seiderman, Stanley Glatter, A.B. Freed and Tom D. Womble, Duly Qualified and Acting As the Personnel Board of the City of Miami Beach, Florida, Appellants,
v.
Julius SHAPIRO, Appellee.
No. 66-462.
District Court of Appeal of Florida. Third District.
May 9, 1967.
Rehearing Denied June 7, 1967.
Joseph A. Wanick, Miami Beach, for appellants.
Irving Cypen, Miami Beach, Sam Daniels, Miami, for appellee.
Before CHARLES CARROLL, BARKDULL and SWANN, JJ.
PER CURIAM.
The Personnel Board of the City of Miami Beach, Florida appeals from a final *855 order of the Circuit Court of Dade County, Florida.
In Rubin v. Shapiro, Fla.App. 1965, 170 So.2d 460, this court affirmed an order of the Circuit Court which held that Julius Shapiro should be restored to his regular status (fireman of the City of Miami Beach) as of the date of his dismissal and that he was entitled to all benefits and emoluments of his employment.
Once reinstated as a fireman, Shapiro filed a motion in the Circuit Court to require the City to pay him all wages lost as a result of the disciplinary proceedings. The City argued that Shapiro was required to mitigate his damages and that it should only be required to pay him his back wages, less any monies he had earned during his unemployment from the disciplinary proceedings. No testimony was taken or proffered at the hearing on the motion and the trial court entered an order that Shapiro was entitled to all wages that he would have received for the period of his discharge, without diminution. The Personnel Board of the City of Miami Beach now appeals from that order.
The question before us is whether a City of Miami Beach employee discharged under disciplinary proceedings is entitled to his full back salary upon reinstatement, or only to the difference between the salary and that which he earned in other jobs during the suspension.
This court has followed the doctrine that a discharged or suspended public employee who is subsequently reinstated has the duty to mitigate his damages during the interim. City of Miami v. Loughrey, Fla. App. 1964, 166 So.2d 236. This doctrine was enunciated by Justice Sebring in State ex rel. Dresskell v. City of Miami, 153 Fla. 90, 13 So.2d 707 (1943).
The appellee contends that these cases are not applicable to the case at bar for the following four reasons, which we will discuss:
(1) The burden is on the employer to adduce evidence to mitigate damages and the record herein is silent as to the kind of work Shapiro supposedly performed and how much compensation, if any, Shapiro received from outside sources during his unemployment.
We do not agree. There is no requirement in law that the City must present evidence on a motion hearing of this nature. This was not a hearing on a rule to show cause and the City was without knowledge of any requirement that it produce evidence, and there was no duty on its part to present evidence at a hearing on such a motion.
(2) The City is precluded from raising the issue of mitigation on this appeal, because it failed to raise the issue on the former appeal, and since the order on the former appeal provided that Shapiro was to receive "all benefits and emoluments of his employment" he is entitled to full pay without diminution.
The language of the previous order simply stated that Shapiro was to receive all benefits and emoluments of his employment. There was no issue raised at that time in the trial court or in the subsequent appeal as to the specific amount of money which Shapiro was entitled to receive under the broad general terms of the order. Since that matter was not at issue in the trial court; was not ruled upon by the trial court; was not raised in the former appeal, and was not discussed, considered, or decided in the prior opinion, the City is not precluded from raising it on this appeal.
(3) The mitigation rule is not applicable to firemen because they are public officers and under the great weight of authority, the mitigation rule is not applicable to holders of public office.
Generally, the mitigation rule does not apply to holders of public office. In the above cited cases, the persons involved were "employees" and not public officers. The specific language in the Personnel *856 Rules of the City of Miami Beach, under which Shapiro's rights arise, refers to "employees" and not public officers. In State ex rel. Dresskell v. City of Miami, supra, the following distinction was made between an officer and an employee: "The term `office' implies a delegation of a portion of the sovereign power to, and the possession if it be, the person filling the office. The term `employment' does not comprehend a delegation of any part of the sovereign authority or authorize the exercise in one's own right of any sovereign power or any prescribed independent authority of a governmental nature."[1]
We find, therefore, that Shapiro was not a public officer, but that he was an employee under the Personnel Rules of the City of Miami Beach and within the legal definition of the term, and that the mitigation rule applicable to public officers does not pertain to him.
(4) The mitigation rule is not permitted under the Miami Beach Civil Service Act because it provides that a wrongfully discharged employee "* * * shall be entitled to recover all wages and emoluments lost by reason of disciplinary action," and that since the enactment of this special act in 1951 the City has, without exception, paid all back wages without diminution to every discharged employee who is reinstated, either through the act of the Personnel Board or by a court of competent jurisdiction.
An administrative custom cannot prevail in a particular case where it is found to be in clear conflict with the law judicially construed in relation to established facts. Green v. Wisner, Fla.App. 1960, 119 So.2d 814.
Since we are of the opinion that Shapiro was an employee of the City of Miami Beach and not a public officer, we do not believe that past administrative custom, although persuasive, should prevail and provide the appellee Shapiro a windfall in the form of all his past due salary, together with such remuneration as he might have received during his suspension. He has asked for reinstatement and back salary. The City has reinstated him and it is only equitable and just that if he has received remuneration from gainful employment during his suspension, this should be considered in mitigation of any accrued salary which might be due to him.
We therefore reverse the order appealed from and remand this cause to the Circuit Court for further action in accordance herewith.
It is so ordered.
NOTES
[1] Id., at 13 So.2d 708.