PER CURIAM.
This appeal involves the extent of immunity granted pursuant to § 932.29, Fla. Stat., F.S.A., when a City employee is subpoenaed to testify before a grand jury.
The trial court, in a mandamus proceeding, directed the appellant to revoke an order of dismissal of the appellee.! In effect, it found that the provisions of the statute carried protection into the civil service proceedings of the City of Miami. In his final judgment, he said the following:
íjí % ‡ >¡í
“THIS CAUSE came on before me to be heard after filing by the Petitioner of his Petition for Writ of Mandamus, and after the issuance of the Court’s Alternative Writ of Mandamus, and the Return to the Alternative Writ of Mandamus filed by the Respondent, and after a full and complete hearing, and after the examination of briefs submitted by Counsel, and after hearing testimony and examining the testimony of the Petitioner given before the Dade County Grand Jury on October 18, 1966, the Court finds as follows:
“1. That the Petitioner was on October 18, 1966, employed by the City of Miami as a Lt. Colonel of Police (unclassified), and as Captain of Police (classified) of the Department of Police, City of Miami, Florida.
“2. That on October 18, 1966, the Petitioner was compelled, by reason of a Grand Jury subpoena, to appear before the said Dade County Grand Jury.
“3. That the subject matter being investigated by the said Dade County Grand Jury on October 18, 1966, was the offense of bribery.
“4. That at the time the Petitioner appeared before the said Grand Jury, there was in full force and effect Rule 16, § 12 of the Civil Service Rules and Regulations of the City of Miami, Florida, which provides:
“ ‘ (a) Should any officer or employee in the classified service of the City of Miami appear before a Grand Jury or Juries and refuse to sign an immunity waiver in advance of testimony *225 before such Grand Jury or Juries and/or refuse to testify fully on all matters concerning the property, government, or affairs of the City, that such conduct shall constitute a breach of duty and that said employee shall be dismissed from the classified service of the City of Miami.
******
“ ‘ (c) No City employee shall be excused on plea of “self-incrimination” or for any other reason, from giving information which may bear on his own fitness to hold a job; he shall be dismissed for refusing to give such information.’
“5. That at the time the Petitioner appeared before the said Dade County Grand Jury, he was well aware of the aforesaid Rules and Regulations of the City of Miami, Florida, and knew that if he refused to sign a waiver of immunity, or if he refused to testify, or if he invoked his rights under the' Constitution of the United States and the Constitution of the State of Florida, that he would in fact be summarily dismissed from his employment.
“6. That at the time and place the Petitioner testified before the said Grand Jury, he did not freely and voluntarily waive his rights under the Constitution of the United States and the Constitution of the State of Florida.
“7. That the Petitioner did testify before the aforesaid Grand Jury and that the questions asked the Petitioner did concern certain matters, transactions and things which related to bribery.
“8. That the questions asked the Petitioner and the answers given did concern matters, transactions and things, which were the same subject matter and facts as given by the Respondent as reasons for the dismissal of the Petitioner.
“9. That the answers given by the Petitioner before said Grand Jury were responsive to the questions propounded to him and were relevant to and did have a substantial connection with the subject matter of the inquiry of the said Grand Jury.
“10. That on January 20, 1967, the Petitioner was dismissed from his employment as Lt. Colonel of Police (unclassified) and as Captain of Police (classified) of the Department of Police of the City of Miami, Florida, by the Respondent, WALTER HEADLEY, and that the said dismissal was effective January 20, 1967, at 5:00 p. m.
“11. That the reasons given for the Petitioner’s dismissal by the Respondent were the same facts and circumstances about which the Petitioner was compelled to testify before the Dade County Grand Jury on October 18, 1966.
“12. That under the Statutes of the State of Florida, to-wit: F.S.A. § 932.29, the Petitioner was granted complete immunity from prosecution, penalty or forfeiture or on account of any transaction, matter or thing of which he testified.
“13. That the dismissal of the Petitioner by the Respondent was a penalty or forfeiture under the said immunity Statute, and therefore, the dismissal of the Petitioner by the Respondent, was unlawful and in violation of the rights of the Petitioner as guaranteed to him by the aforesaid immunity Statute and the Constitution of the United States of America and the Constitution of the State of Florida.
“IT IS, THEREFORE, the Order of this Court, that the Alternative Writ of Mandamus heretofore issued in this cause is made peremptory, and that the Respondent, WALTER HEADLEY, shall forthwith restore the Petitioner, GLENN BARON, to his former position of employment as Lt. Colonel of Police (unclassified) and as Captain of Police (classified) of the Department of Police of the City of Miami, Florida, and to restore him to. his emoluments of office accruing after September 29, 1967.”
*226 * * * * * *
We affirm. The Supreme Court of the United States has held that police officers are entitled to the same constitutional safeguards as any other citizen. See: Garrity v. State of New Jersey, 385 U.S. 493, 87 S.Ct. 616, 17 L.Ed.2d 562. The Supreme Court of Florida has held that the constitutional rights and protections are available in proceedings to revoke an architect’s license. See: Florida State Board of Architecture v. Seymour, Fla. 1952, 62 So.2d 1. The Supreme Court of Florida has also held that the constitutional protection against self-incrimination is available to lawyers. See: Sheiner v. State, Fla.1955, 82 So.2d 657.
Therefore, we find no error in the circuit judge’s final judgment here under review. Of course, this judgment would not prevent the City from taking such action as it might deem appropriate against the appel-lee for any action warranting removal, which was not the subject matter of the Grand Jury investigation upon which the appellee was subpoenaed or which did not involve one of the five enumerated crimes in the statute. We further note that this opinion is not to be construed as approving the award of the full emoluments of the office for the period out of employment, because this question was not raised by an appropriate assignment of error and points on appeal. See: State ex rel. Dresskell v. City of Miami, 153 Fla. 90, 13 So.2d 707; City of Miami v. Steckloff, Fla.1959, 111 So.2d 446; City of Miami v. Loughrey, Fla.App.1964, 166 So.2d 236; State v. Williams, Fla.1967, 198 So.2d 21; Rubin v. Shapiro, Fla.App.1967, 198 So.2d 854.
The final judgment here under review be and the same is hereby affirmed.
Affirmed.