CHARLES CARROLL, Judge.
The appellee Carroll J. Willey was injured in February of 1962, in the course of his employment by the appellant City of Hialeah, while serving in a position classified as Fireman First Class in the city’s civil service system. As a result he was found to be permanently disabled for performance of duty as a fireman first class. A dispute as to whether he was entitled to retirement benefits or could be required to work in a lesser reassigned capacity reached this court. See City of Hialeah v. Wil-ley, Fla.App. 1966, 189 So.2d 194. Therein this court said: “When an employee has served the city with the expectation that he will be retired upon receiving a disabling injury in the line of duty, it is clearly inequitable to deprive him of his pension rights by compelling his acceptance of a reclassification.” The opinion then pointed out that under a section of the city’s ordinance the employee’s condition could be reexamined from time to time until he reached his normal retirement age of sixty five. We then affirmed the judgment of the trial court, which had ordered that the cause be remanded to the Pension Board of the city “with directions to said Pension Board that the Petitioner herein [Willey] must be restored to duty as a Fireman First Class if the Board finds that he is physically able to perform said duties or that the Petitioner be placed on an accidental disability pension as provided in said ordinance.”
Thereafter appellee was restored to duty, and brought this suit against the city for back pay- It was stipulated by the parties that the amount of the back pay for such period would be $18,161.25. The trial court held that Willey was entitled to such back pay, less certain set-offs.[1] The court granted set-off for $600 received by the appellee as salary while in the employ of Bahama Airways in 1963, $75 received by him for work for the United States Government Job Corps in 1966, and $3,021 in workmen’s compensation benefits received by the ap-pellee during such period. The total of those was $3,696. The judgment for $14,-465.25 was arrived at by applying that sum in reduction of the stipulated amount of the back pay. The city then filed this appeal.
The city does not dispute the appellee’s right to receive back pay, but contends that the trial court erred in not allowing additional set-off for profits which were derived during the period involved from a business owned and operated by the appellee and his wife. From certain income tax returns which were produced in the trial court it appeared that the profit yielded by such business in the period in question was approximately $10,000.
In holding the city was not entitled to set off the profits from such business the trial court was eminently correct. It was disclosed that the business from which such profits were derived had been owned and operated by the appellee and his wife prior to the year in which the appellee was injured. It was described in the testimony as a part-time business of purchasing and *727 exporting. There was no showing that the operation of such part-time business was incompatible with appellee’s obligation to the city or that it was such as to interfere with the performance of his duties in his employment by the city. Although we have been shown no Florida decision dealing with this precise question, in other jurisdictions where it has arisen it has been held that such secondary income should not be deducted from the back pay. In Polk v. Torrence, 1966, 218 Tenn. 680, 405 S.W.2d 575, where a discharged municipal employee was reinstated and held to be entitled to back pay, the court refused to set off the amounts which the employee had received from a certain employment during the period of discharge, where it was shown that the employment was one which had been engaged in prior to discharge, as an after hours secondary job. Also, in People ex rel. Bourne v. Johnson, 32 Ill.2d 324, 205 N. E.2d 470, in affirming a mandamus reinstating a previously discharged employee of the city of Chicago and compelling payment of back salary accrued during the period of the wrongful discharge, the Supreme Court of Illinois held that the city was not entitled to a set-off of the earnings which the employee had received from employment by a liquor store. In that case likewise it was shown that the city employee had engaged in that secondary job after hours prior to his discharge, at which time it had not been an activity incompatible with his employment by the city. In so holding the Illinois court said (205 N.E.2d at 473) :
“The theory underlying a suit for back salary is to make the employee whole — to compensate him to the extent that the wrongful deprivation of salary has resulted in financial loss. For that reason the amount recoverable is to be reduced by his other earnings during the period of separation insofar as such income would have been incompatible with performance of his duties to his erring employer. But this does not necessitate mitigation of the recoverable salary by earnings compatible with and being received during the employment from which the employee is wrongfully discharged. There is in this record no hint of incompatibility between relator’s liquor store employment and his obligation to the municipality, either in the form of regulatory proscriptions or conflicting hours or duties. In fact, relator held both jobs for a substantial period of time prior to his wrongful discharge. As was aptly observed by the Appellate Court, the industrious holder of two compatible jobs who is wrongfully discharged from one should not be penalized by permitting the wrongdoer to deduct from the damages for which he is liable the earnings of the second job during the period of wrongful discharge.”
We adopt that reasoning of the Illinois court as applicable to the claim of the city in this case for a set-off of the emoluments received by the appellee from the part-time export business above referred to.
Affirmed.

. See State ex rel. Dresskell v. City of Miami, 153 Fla. 90, 13 So.2d 707; City of Miami v. Loughrey, Fla.App. 1964, 166 So.2d 236; Rubin v. Shapiro, Fla.App.1967, 198 So.2d 854.