PER CURIAM.
Upon due consideration of the briefs and record on appeal we are of the opinion that the order of the trial court was erroneous. In reviewing by writ of certiorari an order entered by the Zoning Board of Appeals of the City of Lake Worth pertaining to the granting of a special exception for the use of certain property, the trial court apparently undertook to conduct a de novo proceeding taking ad *81 ditional evidence and substituting its own judgment for that of the Board contrary to established precedent. City of Miami v. Loughrey, Fla.App.1964, 166 So.2d 236; Mortellaro v. Fellner, Fla.App.1973, 276 So.2d 74. A review of the record reflects that the applicable provisions of the Lake Worth Zoning Ordinance pertaining to the granting of special exceptions was properly followed;[1] that the Zoning Board of Appeals’ determination to grant a special exception is based upon competent substantial evidence and such order was entitled to a presumption of correctness on a conflicting and factually debatable issue.[2]
Accordingly, the trial court’s order on petition for certiorari is vacated and set aside and the cause remanded to the trial court for the entry of an appropriate order consistent herewith.[3]
CROSS and MAGER, JJ., concur.
WALDEN, J., dissents with opinion.

. In light of the apparent confusion between the applicability of the provisions of the Zoning Ordinance pertaining to approval of site and building plans by the Planning Board and City Commission on developments of three acres or more and the provision of the Zoning Ordinance pertaining to the granting of special exceptions it would seem beneficial that appropriate steps be taken to clarify the various provisions of the ordinance and their interrelationship.

. Testimonial and documentary evidence in the record reflects that the issue of the size of the development site was before the Zoning Board when it considered the granting of a special exception.

.The amendment to the petition for writ of certiorari substituting the Zoning Board of Appeals for the City of Lake Worth as respondent was permissible and not barred by the statute of limitations inasmuch as such amendment related back to the time of the filing of the original petition. See Cabot v. Clearwater Construction Company, Fla.1956, 89 So.2d 662; Lindy’s of Orlando, Inc. v. United Electric Company, Fla.App.1970, 239 So.2d 69. In this regard the trial court properly denied the motion to dismiss the amended petition for certiorari.