400 So.2d 777 (1981)
DEPARTMENT OF LAW ENFORCEMENT, Appellant,
v.
Maggie ALLEN and the Career Service Commission, Appellees.
No. WW-439.
District Court of Appeal of Florida, First District.
June 9, 1981.
Rehearing Denied July 31, 1981.
Jim Smith, Atty. Gen., and Pamela L. Lutton, Asst. Atty. Gen., for appellant.
Ben R. Patterson, of Patterson & Traynham, Tallahassee, for appellees.
SHIVERS, Judge.
Department of Law Enforcement appeals an order of the Career Service Commission *778 reversing the Department's discharge of an employee and ordering her reinstatement with back pay. We affirm the order.
On September 18, 1979, appellee, an employee of the Department of Law Enforcement, received a conditional job performance evaluation. On November 9, 1979, appellee received an unsatisfactory job performance evaluation for the time period between September 18 and October 19, 1979. She received written notice that the Department intended to discharge her for specific violations of the Department's Rules of Conduct on December 11, 1979, and requested and received a pretermination conference where she was represented by counsel on January 8, 1980. She was subsequently discharged from employment on January 23, 1980.
Appellee timely appealed her discharge to the Career Service Commission and a hearing was held on April 8, 1980. At the hearing, appellee moved to dismiss the action and sought reinstatement, alleging, among other things, that the Department violated Rule 200.12 of its own Rules of Conduct by failing to reevaluate her job performance within thirty days following her receipt of the unsatisfactory performance evaluation. The Commission granted the motion to dismiss and ordered appellee's reinstatement with back pay because of the impermissible delay by the Department between appellee's receipt of the unsatisfactory performance evaluation on November 9 for the period prior to October 19, 1979, and her receipt of the written notification of the Department's intent to dismiss her.
We conclude there is competent, substantial evidence to support the Commission's determination that the Department did not comply with its own rules of procedure for implementing disciplinary action against appellee. Pursuant to Rule 22A-9.03(6), Florida Administrative Code (1979), if an employee receives a conditional or unsatisfactory evaluation and is retained by the agency, the employee's performance must be reevaluated at least every sixty days thereafter until performance has improved and is at least satisfactory or until six months have elapsed without the employee receiving a satisfactory evaluation. However, the Department, in Rule 200.12(5)(f), DLE Rules of Conduct, shortened the maximum sixty day time limit for job performance reevaluations of retained employees contained in Rule 22A-9.03(6) to a maximum of thirty days. Following appellee's conditional performance evaluation for the period prior to September 18, 1979, she was reevaluated under the Department's rule for the period between September 18 and October 19, 1979, although she did not receive the unsatisfactory evaluation until November 9, 1979, and it was not until December 11, 1979, that she received written notice that the Department intended to discharge her because of poor work performance.
Under the above rules, the Department was required to have either reevaluated appellee within thirty days of the October 19, 1979, unsatisfactory evaluation if she was to be retained, or to have discharged her within thirty days. Instead, DLE waited until December 11, 1979, fifty-three days after the October 19 evaluation before they provided written notice to appellee of her dismissal without reevaluating her. Even assuming the operative date under the rule is the date the employee personally receives the unsatisfactory evaluation, thirty-three days elapsed between the time appellee received the unsatisfactory evaluation on November 9 and the date when the Department informed her of their intent to discharge her on December 11 without conducting a further reevaluation as mandated by their own rule.
The Department contends that the delay in taking action against appellee was not unreasonable in light of the amount of time necessary for proposed employee disciplinary action to travel through the Department's chain of command. We are well aware of the amount of time required for bureaucratic decision-making. However, we also note that it was the Department's decision, for whatever reason, to shorten the sixty-day time limit for reevaluation of retained employees who have received an *779 unsatisfactory job evaluation contained in Rule 22A-9.03(6) to thirty days. If an employee is to be expected to honor and adhere to an agency's internal rules of conduct, we think it is also reasonable to expect the agency to honor and adhere to its own rules of conduct. We conclude that the Department has failed to show an abuse of discretion by the Career Service Commission in finding that the Department did not follow its own rules in implementing disciplinary action against appellee.
Accordingly, the appealed order is affirmed.
AFFIRMED.
McCORD, J., concurs.
BOOTH, J., dissents without written opinion.