WENTWORTH, Judge.
The Department appeals an order of the Career Service Commission reversing the dismissal of appellee Sheffield and ordering his reinstatement with back pay. We affirm in part and reverse in part.
On September 3, 1981, the Department notified Sheffield of its intent to terminate his employment. The letter contained specific allegations of misconduct occurring on specific dates between August 24, 1981, and September 1, 1981. • It also cited excessive absenteeism during June, July and August of 1981 as a further ground for dismissal. The letter informed Sheffield of his right to a predetermination conference if requested by September 11, 1981, to refute or explain the charges made against him. This notice was signed by Sheffield’s immediate supervisor, Burke Lane. Sheffield did not request a predetermination conference, and on September 15,1981, he was sent a notice of termination containing allegations identical to those in the September 3rd letter. However, this second notice was signed by the Bureau Chief, C.W. Hendry, and informed Sheffield of his right to appeal his dismissal, within 20 days, to the Career Service Commission. Sheffield did appeal, and it is the Commission’s order of reinstatement which the Department now appeals to this court.
The first point raised by the Department is that the Commission erred in limiting the scope of the proceedings before it to the specific times alleged in the notice of termination. Counsel for the Department of Natural Resources had indicated in her opening statement that she intended to introduce evidence that the specific acts alleged in the letters were only recent examples of a continuing pattern of behavior which had existed throughout Sheffield’s ten-year employment. We find no abuse of discretion on the part of the Commission in limiting the evidence to the allegations of which the employee had been provided notice. To have held otherwise could have resulted in a violation of due process as the employee could properly have come to the hearing prepared only to rebut the specific allegations in the notice. If the Department intended to base the dismissal on a continuing pattern of misconduct, it could have so alleged in the notices of intent to dismiss. Had the employee relied on evidence that the dismissal was wrongfully abrupt or severe he may have opened the door to evidence of the progressive pattern of misconduct. However, since the hearing never reached the stage of the employee’s presentation, there was no such evidence for the Department to rebut. Therefore, the Commission properly limited the evidence presented in the Department’s case in chief to the allegations contained in the notices.
*894 The hearing never reached the defensive stage because the Commission entered a “directed verdict” against the Department at the close of its case. The sole reason for the Commission’s action was its finding that the initial notice of intent to dismiss did not comply with that part of Florida Administrative Code Rule 22-A10.-042(3), which provides that the initial notice of proposed action shall be signed by “the person authorized to make the final decision or his/her designated representative ... . ” The Department concedes that Burke Lane was not the person authorized to take final action but argues that he had “designated authority.” The Commission found otherwise, and that finding is supported by competent substantial evidence.
However, we agree with the Department that in this case the lack of authorized signature on the initial notice of intent was a purely technical error, not affecting the substantive or procedural rights of the employee. The initial notice informed Sheffield of his right to a predetermination conference. Had he availed himself of that right, a different result might be warranted. But he did not make such a request, and the second notice of termination was signed by one authorized to take final action and contained the same substantive allegations, informing Sheffield of his right to appeal to the Career Service Commission. Thus, the unauthorized signature did not effectively deprive the employee of any of the notice requirements found in Rule 22A-042.
Appellees rely upon this court’s decision in Department of Law Enforcement v. Allen, 400 So.2d 777 (Fla. 1st DCA 1981), in which we upheld similar action on the part of the Commission because the Department had failed to follow its own rule. However, the rule violation in Allen consisted of the Department’s attempt to dismiss an employee while totally by-passing one of the steps it had itself instituted for taking- such action. That step required the Department to reevaluate an employee who received an unsatisfactory evaluation within thirty days if he or she was not terminated within that period. The Department failed to so reevaluate the employee and attempted to dismiss her fifty-three days after the unsatisfactory rating. In that situation, the Department’s rule violation resulted in depriving the employee of a substantive procedural step which would have provided her with notice that her work had not improved. As discussed above, the technical error in this case had no such effect on the employee’s rights. We therefore find that the failure to properly sign the initial notice of intent to dismiss was harmless error. The case is remanded to the Career Service Commission for further proceedings and a determination on the merits.
Affirmed in part, reversed in part and remanded for further proceedings consistent with this opinion.
McCORD and BOOTH, JJ., concur.