ERVIN, Chief Judge.
The Department of Corrections (Department) appeals from the Career Service Commission’s (Commission) final order, pursuant to Barry’s appeal of a disciplinary action, granting a directed verdict in favor of Barry on grounds that the Department had not provided Barry with sufficient notice of the reasons for his suspension to afford him a fair opportunity to meet the charges. We do not find it necessary to discuss the five points raised by the Department. Instead, we reverse upon the sole finding that Barry waived any error based on insufficiency of notice by his failure to raise that issue to the Commission, and we conclude therefore that sufficiency of notice was an improper basis for the directed verdict.
Barry had been employed by the Department since 1972, and was serving as a security shift supervisor at the Zephyrhills Correctional Institution with permanent status in the state career service system, when he was suspended on October 20, 1981, for five work days.[1] He received a letter from the Department, dated October 1, 1981, pursuant to Florida Administrative Code, Chapter 22A-10.041, informing him of his right to request an informal predetermination conference[2] and advising him of the charges.[3] Following Barry’s predetermination conference, he received a letter on October 20, 1981, notifying him of his suspension from employment, including the Department’s reasons,[4] and of his right to take an appeal to the Commission. He then filed an appeal to the Commission in which he discussed in detail the event in question, alleging that he had made a reasonable effort to prevent a possible escape, including such factual information as the time of day, the date, and the names of persons involved. The Commission, on its own motion, granted a directed verdict in favor of Barry after receiving testimony of a superintendent with the Department who signed the letters of October 1, and October 20. The directed verdict was granted on grounds that the Department had failed to conform to applicable law, as the charges *876 stated in the letters did not adequately apprise Barry of sufficient facts to enable him to prepare his defenses and therefore did not meet the due process requirements of section 110.227(5)(a), Florida Statutes[5] and Fla.Admin.Code Rule 22A-10.042(3)(b).[6]
We decline to rule on whether the letters constituted adequate notice of the charges because we find that Barry waived the right to a directed verdict on this basis. At no time after receipt of either letter, at the predetermination conference, or at the hearing before the Commission, did Barry request that the written notice be made more specific, or indicate that he was precluded from a reasonable opportunity of defending himself due to the failure of notification with reasonable certainty of the charges. See, e.g., Powell v. Board of Public Instruction of Levy County, 229 So.2d 308 (Fla. 1st DCA 1969). To the contrary, his notice of appeal to the Commission indicated his awareness of the subject of, and grounds for, the charges against him, and was an attempt to challenge the merits of the suspension on the facts. Barry did not demonstrate, nor do we find evidence in the record of, prejudice to him with respect to the notice furnished.
Accordingly, we REVERSE and REMAND this cause to the Commission for further proceedings on the merits of the disciplinary action.
MILLS and LARRY G. SMITH, JJ., concur.

. This period of suspension was subsequently reduced to 10 hours.

. The conference would not be in the nature of an evidentiary hearing, although Barry could have the assistance of counsel. The letter advised that no decision of whether or not disciplinary action would be taken until the conclusion of such conference.

. The charges contained in the letter were as follows:
You are being charged with permitting an inmate to escape due to negligence and failure to follow written instructions. The basis for these charges are contained in the Special Investigation report from Inspector Bill Beardsley dated September 4, 1981. This conduct violates Zephyrhills Correctional Institution Post Orders, Shift Supervisor — Evening Shift, Section I dated January 26, 1981 and Department of Corrections Rules 33-4.-02(12); 33-4.03(13) and (34), F.A.C., copies of which are attached and made a part hereof.

. The following reasons for the suspension were stated in the letter:
This suspension is the result of your violation of Department of Corrections Rules 33-4.-02(12); 33-4.03(13) and (34), F.A.C. and Zephyrhills Correctional Institution Post Orders, Shift Supervisor-Evening Shift, Section I dated January 26, 1981.
The penalty for violation of the afore cited rules violations would be far more severe but we have taken into consideration your almost ten years of service with the Department of Corrections. We can appreciate your concern for the protection of the inmate informant; however, other methods could have been used to protect the informant which would not have jeopardized the security of the institution and community. As a direct result of your not having inspected the confinement cell of inmate Stanley after being advised that he was using a hacksaw blade to cut through a security bar on his window and planned to escape, he was able to escape the confines of Zephyrhills Correctional Institution and pose a real threat to the community. Your decision to wait to react to this emergency situation rather than to take steps to eliminate this possible danger was negligent.

. Section 110.227(5)(a), Fla.Stat., provides:
(5)(a) Any permanent career service employee who is subject to suspension or dismissal shall receive written notice of such action at least 10 days prior to the date such action is to be taken. Subsequent to such notice, and prior to the date the action is to be taken, the affected employee shall be given an opportunity to appear before the agency or official taking the action to answer orally and in writing the charges against him. The notice to the employee required by this paragraph shall be sent by certified mail....

. Rule 22A-10.042(3) Predetermination Procedures; Notice, Form, Delivery provides:
(3) The notice shall be signed by the person authorized to make the final decision or his/her designated representative and shall include the following:
(a) The date the Agency proposes to take final action.
(b) The specific charges or reasons for the action. Identification of any documents on which the charges are based shall be included. (e.s.)