SHIVERS, Judge.
Florida State University appeals an order of the Career Service Commission which grants a directed verdict in favor of Frank Tucker, thereby nullifying Tucker’s three day suspension. We affirm.
Appellee Tucker, an FSU employee, received a predetermination letter, pursuant to Rule 22A-10.042, Florida Administrative Code (F.A.C.), notifying him that it intended to take disciplinary action against him by suspending him from his job. The letter alleged that this action was due to the following:
*38 threatening and/or abusive language directed toward another person, conduct unbecoming a public employee, leaving your work station without authorization, and branishing [sic] or threatening another person (Mr. John Williams), while on the job with a deadly weapon. Such conduct renders you ineffective within the University and affects the ability for your acceptance by other. employees and citizens of Florida. Signed statements of misconduct are available for your inspection in the Personnel Relations Department, 216 Suwannee Arcade, Florida State University.
The predetermination letter did not allege any times, dates, places, or other specifications as to the allegations against Tucker. Subsequently, FSU notified Tucker of its decision to suspend him for three working days. Tucker appealed this action to the Career Service Commission pursuant to Rule 22A-10.05, F.A.C. At the hearing on Tucker’s appeal, the Commission, on its own motion, directed a verdict in Tucker’s favor based on the Commission’s finding that the predetermination letter advising Tucker of the charges against him did not meet the due process requirements of Section 110.-227(5)(a), Florida Statutes, and Rule 22A-10.042(3)(b), F.A.C.
Appellant argues that the statutes and rules do not require specification as to date or time in a predetermination letter, that any deficiency in the predetermination letter was cured by the signed statements of witnesses which were referenced in the letter, and that the Commission erred in failing to allow FSU an opportunity to establish the absence of any prejudice to Tucker. We disagree. Rule 22A-10.042 outlines predetermination procedures. Subsection (2) of the rule states that the predetermination notice “shall constitute full and complete notice .... ” Full and complete notice should include, inter alia, the date, time, and place of any alleged misconduct. The predetermination letter sub judi-ce is rendered vague by its failure to include such specifics, and this vagueness prejudices Tucker by inhibiting his ability to prepare a defense. See State ex rel. Hawkins v. McCall, 158 Fla. 655, 29 So.2d 739 (1947); Bass v. Askew, 342 So.2d 145 (Fla. 1st DCA 1977). There is no provision in the rules giving an employing agency the right to a hearing following noncompliance with Rule 22A-10.042 to determine whether actual prejudice resulted to the employee.
Rule 22-10.042(3)(b) mandates that the predetermination letter include “[t]he specific charges or reasons for the action. Identification of any documents on which the charges are based shall be included.” We interpret this section to require identification of documents on which the charges are based in addition to full and complete notice specifying the charges or reasons for the action. This subsection does not permit the full and complete notice requirement to be satisfied via incorporation by reference to documents not physically annexed to and made a part of the predetermination letter.
Accordingly, the Career Service Commission order of December 16, 1982, is AFFIRMED.
ZEHMER, J., concurs.
MILLS, J., dissents with opinion.