NIMMONS, Judge.
The Department of Insurance appeals an order of the Career Service Commission reversing the Department’s dismissal of ap-pellee, J.F. Smith, and ordering back pay. We reverse the Commission’s order.
On October 29, 1982, the Department notified Smith in writing that it intended to dismiss him on November 12, 1982, for unsatisfactory job performance. Smith had received two unsatisfactory performance evaluations. The first evaluation was received on August 30, 1982, for the period from September 1, 1981, through September 1, 1982. The second evaluation was furnished Smith on October 28, 1982, for the period from August 30, 1982, through October 29, 1982. Smith requested and received a pretermination conference. After consideration of Smith’s statements and submissions at the pretermination conference, the Department notified Smith that he was being discharged effective November 18, 1982.
Smith filed an appeal to the Career Service Commission which, pursuant to Section 110.309, Florida Statutes (1981), is empowered to conduct de novo fact-finding hearings to determine whether just cause exists for dismissals or suspensions. The Commission, without reaching the merits as to whether just cause existed for Smith’s dismissal, entered an order in which it recited that it was “directing a verdict” against the Department because, according to the Commission’s reading of Chapter 22A-9, Fla.Admin.Code, the Department was required to give the employee two 60-day performance evaluations after his initial unsatisfactory performance rating, that Smith was given only one 60-day evaluation and that, in any event, the sanction permitted by Rule 22A-9.03(6) and (7) is “removal from the class,” not dismissal. The Commission’s construction of these rules is clearly erroneous.[1]
Under Rule 22A-7.10(7), Fla.Admin.Code, an agency head may dismiss any employee for “just cause” which includes, among other things, “negligence, inefficiency, or inability to perform assigned duties; [and] repeated and/or gross substandard performance of assigned duties.” Chapter 22A-9 sets forth rules for evaluating the work performance of career service employees, and provides that employee performance evaluations are to be used, among other things, as a basis for disciplinary or dismissal actions.
The particular provisions of Chapter 22A-9 with which we are concerned in this case are the following sections of Rule 22A-9.03:
(6) If an employee who has attained permanent status in the class received an overall evaluation of Conditional or Unsatisfactory, the immediate supervisor, with the cooperation of his supervisors, shall be responsible for identifying for the employee the specific improvements *927 necessary for the employee to accomplish satisfactory performance. If at the time of receiving such an evaluation, the employee is retained by the agency, the employee’s performance shall be reevaluated at least each 60 days thereafter until:
(a) The employee’s performance has improved and is evaluated as at least Satisfactory, or:
(b) One hundred twenty calendar days have elapsed without the employee receiving a rating of at least Satisfactory. In such cases, management shall take action to remove the employee from the class.
(7) The agency head may remove the employee from the class at any time if adequate improvement is not made in the employee’s performance from the effective date of the initial Conditional or Unsatisfactory rating. In no case shall an employee be retained in the class for more than 120 calendar days from the effective date of the Conditional or Unsatisfactory rating if the employee’s performance continues to be less than satisfactory during the 60-day rating intervals.
[[Image here]]
(9) If an employee failed to receive an evaluation by the end of the required evaluation period, the employee’s performance for that period shall be considered satisfactory.
Subsection (6), as noted above, requires that an employee, who is retained after receiving an unsatisfactory evaluation, be reevaluated at least each 60 days thereafter. The Department did indeed give Smith a 60-day evaluation, and Smith was promptly notified that his performance was again unsatisfactory and that the Department intended to dismiss him. The Commission’s interpretation of Rule 22A-9.03 is that agencies must provide an employee with two 60-day evaluations after an initial unsatisfactory performance rating so that an employee is given a total of 120 days within which to upgrade his performance to a satisfactory level. We disagree and hold that the Department was not precluded from proceeding to dismiss Smith after the first 60-day evaluation period. If the Department had, on the other hand, allowed the first 60-day period to run without a performance evaluation, Smith’s performance, by virtue of the provisions of subsection 9, supra, would have been deemed to be satisfactory for that period, and the Department, presumably, would have been precluded from dismissing Smith at that time on the grounds of unsatisfactory job performance. See Department of Law Enforcement v. Allen, 400 So.2d 111 (Fla. 1st DCA 1981).
We also wish to make clear that Chapter 22A-9’s reference to “removal of the employee from the class” should not be construed as a limitation of the remedies available to the agency in dealing with an employee who performs at an unsatisfactory level. It should be kept in mind that Chapter 22-9, which requires employee performance evaluations, does not provide for a one-way street. That is, its purpose and intent is obviously not solely for the benefit of the employee. Its design is also to provide safeguards for the taxpayer against an overly benevolent public employer who might otherwise deal too leniently with unsatisfactory public employees. Thus, an agency head will be required to at least remove from the class an employee who has been given two 60-day evaluations without earning a satisfactory performance rating. Rule 22A-9.03(7). The agency head, however, is not limited to such sanction.
The order appealed is Reversed and, since the Commission has not yet heard this case on the merits as to whether there was just cause to dismiss appellee, the case is Remanded to the Commission for a hearing pursuant to Section 110.309, Florida Statutes.
MILLS and SMITH, JJ., concur.

. We note that several of the provisions of Chapter 22A-9 have been amended effective July 1, 1984. We, of course, are not concerned with those amendments in this case.