JOANOS, Judge.
University of North Florida (UNF) appeals from a Career Service Commission (Commission) order reducing Walton’s dismissal to a suspension. On July 21, 1982, Walton, a postal administrator with UNF, received notice of proposed action to terminate him for falsification of records. Recommendation that Walton be terminated followed the discovery of his improperly charging back postage due and business reply mail on July 19, 1982. Attached to the notice were memoranda substantiating the charges of falsification of records and recommending termination. The attached memoranda also made reference to prior written reprimands Walton received for falsification of records. Walton responded by conceding possible human error due to extremely heavy mail volume. He specifically addressed a previous charge concerning falsification of a time card which resulted in one of the prior written reprimands. Thereafter, UNF provided Walton a predetermination hearing on July 29, 1982, after which he was notified by letter that his employment would be terminated on August 3, 1982. Walton timely appealed his termination, again raising the time card falsification charge for consideration before the Commission. At the initial hearing, the parties stipulated that Walton received timely notice of and reason for his termination. UNF proffered the two prior written reprimands to show progressive discipline. The Commission chairman disallowed any reference to the prior reprimands, restricting inquiry to the July 19, 1982, incident. Walton was found guilty of the charge, but his dismissal was reduced to a suspension due to extenuating and mitigating circumstances. The Commission found that Walton was never warned or told to discontinue the improper practice.
UNF argues that the Commission improperly excluded the prior written reprimands which would rebut the finding of mitigating circumstances. Walton and the Commission contend there was no notice that the prior reprimands would be considered.
*88 Florida Administrative Code Rule 22A-10.042(3)(a) and (b) requires that the notice of proposed action shall include the date the agency proposes to take final action and the specific charges or reasons for the action, with identification of any documents on which the charges are based included. Both of these requisites were met. The notification letter to Walton informed him of the date of the proposed action, August 3, 1982, and the reason for his termination, falsification of records. The letter specifically referred to an attached memorandum in which the prior written reprimand for falsification of records was a basis for recommending termination following the incident on July 19, 1982.
While this court has held there was no abuse of discretion when the Career Service Commission limits evidence to the allegations of which an employee has had notice, Department of Natural Resources v. Sheffield, 420 So.2d 892 (Fla. 1st DCA 1982), here, Walton received notice of termination with identification and attachment of the documents supporting the agency action. The prior written reprimands were not physically attached to the notification letter, but two separate references regarding them were in the attached memoranda. Most notable is Walton’s specific reference to the falsification of time cards in his memorandum defending his actions and in his notice of appeal to the Commission. Clearly, Walton had proper notice to prepare a defense against the prior reprimands. See, Department of Corrections v. Barry, 438 So.2d 874 (Fla. 1st DCA 1983).
Section 120.58(l)(a), Florida Statutes provides that “[irrelevant, immaterial, or unduly repetitious evidence shall be excluded, but all other evidence of a type relied upon by reasonably prudent persons in the conduct of their affairs shall be admissible, whether or not such evidence would be admissible in a trial in the courts of Florida.” Considering this less stringent rule of admissibility of evidence and that one of the purposes of a commission hearing is to determine whether the disciplinary action was appropriate under the factual circumstances, Fla.Admin.Code Rule 22M-2.-03(l)(d), the Commission could not make a proper determination in which all of the relevant evidence was considered when it precluded any reference to the prior reprimands which were a basis for Walton’s termination.
The Commission has discretion to reduce a dismissal to a suspension upon a finding that just cause for discipline existed, but did not justify the severity of the action taken. Section 110.309(4), Florida Statutes (1981). Without all of the relevant evidence, however, the Commission could not determine if just cause for the severity of the action existed.
Accordingly, the Commission’s order is reversed and this cause is remanded for reconsideration, allowing the introduction of the prior reprimands.
BOOTH and SHIVERS, JJ., concur.