PER CURIAM.
This cause is before us on appeal from an order of the Career Service Commission (Commission) affirming the action of the *980 Department of Health and Rehabilitative Services (HRS) in dismissing the appellant from his position as a psychiatrist at the Florida State Hospital in Chattahoochee! We affirm.
Appellant contends that the proceedings leading to his dismissal denied him substantive and procedural due process. Appellant received notice that the hospital’s Medical-Dental Staff Executive Committee was investigating charges against him and that hearing would be held affording him an opportunity to be heard before the Committee made its recommendation. Contrary to the requirements of Rule 22A-10.042(3)(b), Florida Administrative Code, however, the notice did not specify the charges against the appellant nor did it identify the documents upon which the charges were based. Florida State University v. Tucker, 440 So.2d 37 (Fla. 1st DCA 1983). Additionally, the records upon which the appellant’s dismissal was based, although requested by appellant’s attorney, were not made available prior to appellant’s dismissal by HRS.
Fundamental fairness requires that the agency make available to the employee, upon his request, all documents upon which the charges against him are based so that he may adequately prepare a defense to those charges before he is disciplined or dismissed. Failure to do so may constitute reversible error requiring us to set aside the agency action and remand the case for whole new proceedings.
In the instant case, appellant was afforded an extensive de novo evidentiary hearing before the Commission and, prior to that hearing, was accorded full discovery rights, including being furnished all requested documents. Thus, we have reviewed the record and are unable to discern any prejudice which was not cured by the agency affording discovery and de novo hearing.
The appellant also contends that there was no competent, substantial evidence to support the Commission’s conclusion that there was just cause to support the appellant’s dismissal. We disagree. We have examined the record and find that the Commission’s conclusion is amply supported by competent, substantial evidence.
The order is affirmed.
BOOTH, SMITH and ZEHMER, JJ., concur.