PER CURIAM.
We reverse the appealed order of the Career Service Commission, which determined that the notice of charges was vague and overbroad and directed a verdict in favor of appellee, Janet Moore. The notice contained sufficient information to alert Moore that she was being dismissed from her employment on the basis of three specific job performance evaluation ratings of below performance standards. All three incidents were referred to with sufficient information and reference to correspondence between appellant and appellee to comply with the requirements of rule 22A-10.0042, Florida Administrative Code. University of North Florida v. Career Service Commission, 452 So.2d 87 (Fla. 1st DCA 1984) (reference to written reprimand in predetermination letter adequate notice that reprimand would be considered in termination action); Department of Insurance v. Smith, 449 So.2d 925 (Fla. 1st DCA 1984) (specific reason for dismissal may be unsatisfactory evaluations). See also Russo v. Department of Health and Rehabilitative Services, 451 So.2d 979 (Fla. 1st DCA 1984). The decision in Florida State University v. Tucker, 440 So.2d 37 (Fla. 1st DCA 1983), is distinguishable because the notice in that case contained no information to inform the employee of the date, time, or place of the specific incident involved. Here, the dismissal was based on the three specifically alleged unsatisfactory job performance evaluations.
REVERSED and REMANDED for further proceedings consistent herewith.
THOMPSON, ZEHMER, and BARFIELD, JJ., concur.