LILES, WOODIE A., Associate Judge (Retired).
Robert Corte was employed as an administrative assistant for the Department of Environmental Regulation in their Pensacola district office. He had been so employed for a sufficient period of time to come within the career service protections. On December 28, 1978, he was discharged by the district manager, and he appealed pursuant to the proper procedures to the Career Service Commission. A hearing was held, and the Commission ordered that Mr. Corte be reinstated effective January 26, 1979; to his former class or position or to a comparable class for which he is qualified. The Commission, however, specifically ordered that back pay should not be awarded for the period from September 28, 1978, to January 26,1979. It also granted him costs in this matter in the amount of $322.62 and said that this sum represents costs incurred in the pursuit of this appeal, meaning the appeal he took to the Commission. Mr. Corte appealed and asked this court to reverse the Commission regarding back pay from September 28, 1978, to January 26, 1979, and to award him all costs incurred as a result of his appeal. He also assigned as error the fact that the Commission allowed agency notes but disallowed his summary of notes, charts, documents, and so forth, wherein he attempted to show poor working conditions, insufficient staffing, and continued harassment by his superior.
We affirm the Commission’s action for the reason that Section 110.309(3), Florida Statutes, specifically states:
“Upon a finding just cause did not exist for the suspension or dismissal, the commission may order the reinstatement of the employee with or without back pay.” (Emphasis supplied)
See also, Section 22A-10.07, Florida Administrative Code. Accordingly, it rests within the sound discretion of the Commission, when reinstating an employee, to do so “with or without back pay,” and this court shall not reverse or substitute its judgment for that of the Commission unless the court finds that the agency has abused it discretion. Section 120.68(12), Florida Statutes; Florida Department of Health and Rehabilitative Services v. Career Service Commission, 289 S.2d 412 (Fla. 4th DCA 1974). Appellant has not demonstrated an abuse of discretion by the Commission. It heard all the testimony, made findings of fact in an order, and acted within the scope of its authority in disallowing back pay. While this court might have decided the case differently, we are constrained from substituting our judgment for that of the Commission on a matter of discretion.
Therefore, for the reasons expressed above, the Commission’s order is
AFFIRMED.
ROBERT P. SMITH, Jr., and BOOTH, JJ., concur.