HURLEY, Judge.
The question on appeal is whether the Career Service Commission is empowered to limit an award of back pay to a reinstated Florida highway patrolman. We answer in the affirmative and uphold the ruling of the Career Service Commission.
Dick A. Lee, a Florida highway patrolman, was dismissed from his position on February 15, 1982. He appealed to the Career Service Commission and was reinstated with full back pay on September 9, 1982. The Commission’s order, however, stated that the award of back pay was to be offset by “any gross income which [Trooper Lee] had earned from personal services and any unemployment compensation which he had received during the period from February 16, 1982 until actual reinstatement.” On appeal, Trooper Lee contends that his status as a police officer bars any offset against his award of back pay.
Historically, the treatment of state officers and state employees has differed in matters concerning compensation. A reinstated officer was not subject to an offset of wages earned during a period of dismissal. State ex rel. Dresskell v. City of Miami, 153 Fla. 90, 13 So.2d 707 (1943). On the other hand, an employee was subject to such an offset. Rubin v. Shapiro, 198 So.2d 854 (Fla. 3d DCA 1967). Thus, the disposi-tive issue is whether the common law distinction between police officers and employees, as it relates to awards of back pay, has survived the advent of the Career Service System.
As we view it, the enactment of Chapter 110 with its creation of the Career Service System constitutes a new, comprehensive method for dealing with state employment. Trooper Lee concedes, as he must, that Florida highway patrolmen are covered by the Florida Career Service System. See Humphries v. Department of Highway Safety and Motor Vehicles, 400 So.2d 1311 (Fla. 1st DCA 1981); see also, Ridaught v. Division of Florida Highway Patrol, 314 So.2d 140 (Fla.1975). Section 110.205(1), Florida Statutes (1981), expressly states that “[t]he Career Service ... shall include all positions not specifically exempted .... ” Florida highway patrolmen are not specifically exempted. Thus, Trooper Lee, as a member of the Highway Patrol, is entitled to the full protection of the Act. Similarly, he is subject to its restrictions-— one of which allows the Commission to reinstate an employee “with or without back pay.” See Section 110.309(3), Florida Statutes (1981). Neither the language of the Act nor logic suggests any reason to create a special exception for members of the Highway Patrol and we decline to do so.
The Career Service System offers a broad range of procedural protections. Indeed, its benefits are exemplified by the case at bar. The express basis for reinstating Trooper Lee was that the Highway Patrol failed to dismiss him in accordance with procedural requirements of the Career Service System. The Commission stated that “the Agency must comply with applicable rules of procedure when it dismisses a permanent employee of the State Career Service System, and if it does not, the employee is entitled to reinstatement. Department of Law Enforcement v. Allen, 400 So.2d 777 (Fla. 1st DCA 1981).” The Commission further enumerated four specific ways in which Trooper Lee’s dismissal contravened procedures required by the Career Service System. It then concluded that the dismissal was without just cause.
As indicated, Section 110.309(3), Florida Statutes (1981), states that “[u]pon a finding that just cause did not exist for the suspension or dismissal, the commission may order the reinstatement of the employee, with or without back pay.” This provision was expressly upheld in Corte v. Department of Administration, 386 So.2d 875 (Fla. 1st DCA 1980) where the court went on to note that “it rests within the sound discretion of the Commission, when reinstating *407 an employee, to do so ‘with or without back pay,’ and this court shall not reverse or substitute its judgment for that of the Commission unless the court finds that the agency has abused its discretion.” Id. at 876. Inasmuch as Trooper Lee has failed to demonstrate an abuse of discretion, the order on appeal is
AFFIRMED.
GLICKSTEIN and DELL, JJ., concur.