DELL, Judge.
The Town of Pembroke Park (Town) appeals from a final order rendered by the Seventeenth Judicial Circuit Court granting enforcement of a final order of the Public Employees Relations Commission (PERC). PERC appeals a subsequent order denying its motion to hold the Town in contempt for failure to comply with the circuit’ court’s order of enforcement. This court consolidated the appeals.
This case originated after the Town eliminated its police force and contracted with the Broward County Sheriff’s Office for police coverage. The Fraternal Order of Police (FOP) filed an unfair labor practice charge with PERC against the Town. PERC found against the Town and ordered reinstatement of the former policemen. The Town filed a timely notice of appeal with the First District Court of Appeal. Due to the Town’s failure to file its initial brief, the First District Court dismissed the appeal. The Town did not seek timely review in the Supreme Court of Florida of the order dismissing its appeal.
The FOP then filed its petition for enforcement of PERC’s order in the circuit court. The circuit court ordered the Town to comply with PERC’s order and the Town filed its appeal with this court.
The Town contends their filing of a timely notice of appeal in the First District Court of Appeal vested jurisdiction in that court to review PERC’s final order pursuant to Sections 120.68 and 447.504, Florida Statutes (1981). The Town further asserts the First District Court had a mandatory obligation to review the merits of the appeal or to affirm PERC’s order once the notice of appeal was timely filed. Alternatively, the Town contends that the First District Court lacked authority to dismiss the appeal for failure to file an initial brief and that it retained jurisdiction because its order dismissing the appeal was a nullity, thus the circuit court lacked jurisdiction to enforce PERC’s order.
We find the Town’s arguments without merit since, in essence, the Town is *200 asking this Court to review an order of its sister court. We have no authority to do so. The Town lost its right of review when it failed to timely seek review in the Supreme Court of the First District Court’s order of dismissal. Therefore, the circuit court properly exercised jurisdiction over the proceedings to enforce PERC’s order because the circuit court has jurisdiction 'over enforcement proceedings pursuant to Sections 120.69 and 447.5035, Florida Statutes (1981) when there is no pending appeal.
Next, we consider PERC’s appeal of the trial court’s denial of its motion for contempt. Since we have held that the circuit court had jurisdiction to enforce PERC’s order compelling reinstatement, we must also conclude that the circuit court had authority to enforce its order by contempt proceeding.
This case has proceeded through the courts of Florida since March, 1981, when PERC originally ordered reinstatement of the policemen. In its motion for contempt, PERC alleged the Town failed to comply with the order of reinstatement by failing to reinstate the officers to their former positions or substantially equivalent positions, and further alleged the Town harassed and endangered the life of the only reinstated policeman. PERC also alleged the Town; has not bargained in good faith and has otherwise violated the circuit court’s order enforcing PERC’s order of reinstatement.' In its order denying PERC’s motion for contempt the trial court concluded that “[ajlleged mistreatment and harassment of the police officers by the Town and the failure to bargain in good faith subsequent to reinstatement [were] not matters properly before this Court.” We disagree.
The circuit court’s order compelling compliance with PERC’s order of reinstatement directed the Town to “unconditionally offer to all bargaining unit members whose employment was terminated ... immediate and full reinstatement to their former positions, or to substantially equivalent positions, without prejudice to their seniority or other rights and privileges, and to make them whole for any loss of earnings suffered as a result of their termination.” We find the allegations of PERC’s motion for contempt sufficient to require an evidentia-ry hearing and the allegations if proved to justify the imposition of appropriate sanctions. Further, we find this matter requires immediate disposition.
Accordingly, we affirm the trial court’s order granting enforcement of PERC’s order of March 12, 1981, and we reverse the trial court’s order denying PERC’s motion for contempt and remand this cause to the trial court with directions to conduct an evidentiary hearing. The trial court shall enter such orders as may be consistent herewith upon its determination of the Town’s compliance or lack of compliance with its order directing enforcement of PERC’s order of reinstatement.
AFFIRMED IN PART, REVERSED IN PART and REMANDED.
HURLEY, J., and SIMONS, STUART M., Associate Judge, concur.