DOWNEY, Judge.
This case had its genesis in a September, 1980, decision by the appellant, Town of Pembroke Park (Town), to eliminate its eleven-man police force and to contract for police protection and coverage with the Broward County Sheriffs Department. Thereupon, the appellee, Florida State Lodge, Fraternal Order of Police (FOP), instituted an unfair labor practice case by filing a charge with the Public Employees Relations Commission (PERC), alleging that the Town violated section 447.501(l)(a), (b), and (c), Florida Statutes (1979), by refusing to meet with the FOP representatives to negotiate a successor collective bargaining agreement and by unilaterally, and in response to unit employees’ protected activities, contracting out unit work so as to avoid bargaining and otherwise dealing with the FOP as the unit’s exclusive bargaining representative. PERC entered an order on March 12, 1981, finding that the Town had violated section 447.501(l)(a), (b), and (c), by subcontracting out its police services in order to avoid entering into a new collective bargaining agreement with the FOP, to discourage membership in the FOP, and to retaliate against the FOP and its members for having filed grievances against the Town. The Commission ordered the Town to offer reinstatement to the terminated police officers, to make them whole for any loss of earnings, to bargain with the FOP, and to pay the FOP its reasonable attorney’s fees and costs.
In due course, after a frustrated appellate effort by the Town, FOP filed a petition for enforcement of PERC’s order in the Broward County Circuit Court, which proceeding was joined in by PERC. The circuit court thereafter entered an enforcement order requiring the Town to offer reinstatement to the former policemen no later than April 13, 1983, and to compensate them for any lost earnings resulting from their unlawful termination. That order was appealed to this court in Town of Pembroke Park v. State of Florida, ex rel. Healy, 446 So.2d 198 (Fla. 4th DCA 1984), without success.
While enforcement proceedings continued in the courts, the FOP initiated a back-pay proceeding before PERC to determine the amount of compensation due the officers in question. An evidentiary hearing was held before an administrative hearing officer, which lasted for approximately seven days. As a result, a Recommended Order was issued, wherein the hearing officer recommended that the officers were entitled to back pay; he fixed the amount thereof, together with interest, and suggested an award of attorney’s fees and costs to FOP as the prevailing party. Exceptions were filed primarily by the Town; oral argument was held and PERC entered its final agency order, which essentially accepted the findings and recommendations of the hearing officer with a few modifications. From that order, this appeal was perfected.
The appellate issues presented are 1) whether PERC’s ruling on back pay is supported by substantial competent evidence, particularly with regard to the question of mitigation of damages; 2) whether the elements considered in determining the amount of back pay were appropriate; 3) whether PERC had failed to properly apply its own mitigation standards; 4) whether *1296 PERC erred in failing to deduct social security benefits received by one officer from the amount of back pay due; and 5) whether FOP was entitled to an award of attorney’s fees for back pay proceedings.
This case is a good example of the importance of Florida Rule of Appellate Procedure 9.210(b)(4) and (c), requiring that the briefs each contain a summary of the argument, suitably paragraphed, condensing succinctly, accurately, and clearly the argument actually made in the body of the brief. While some of the parties herein provided the required summary, which we found very helpful, others did not. The rule has not been uniformly complied with; thus, we take this opportunity to remind counsel that we consider the summary to be an essential component of the brief.
The main question presented in this case is that of mitigation. FOP contends PERC erred in ruling that police officers were not entitled to gross back pay without any set-offs. It argues that, as was held in Curry v. Hammond, 154 Fla. 63, 16 So.2d 523 (1944), Paquin v. City of Lighthouse Point, 330 So.2d 866 (Fla. 4th DCA 1976), and Maudsley v. City of North Lauderdale, 300 So.2d 304 (Fla. 4th DCA 1974), police officers are not ordinary “employees,” but, rather, are “officers” and, as such, unlike “employees,” any back pay due them for improper termination is not subject to a set-off in mitigation of damages.
The Town contends that the hearing officer and PERC erred in accepting the testimony of the various officers relative to their efforts to obtain other employment during the interim between their unlawful discharge and the order directing their reinstatement because it was all self-serving, uncorroborated and inadequate to show any bona fide efforts to mitigate their damages. PERC, of course, defends both the procedural and the substantive result and goes to great lengths in its final agency order describing the reasons for its holding. We find no error demonstrated in either the conclusion that mitigation should be required or in accepting and relying upon the evidence adduced by the officers.
We reject FOP’s argument that PERC erred in requiring mitigation because of the long-standing common law rule that as “officers,” as opposed to “employees,” they are not required to mitigate the damage suffered by unlawful termination of employment. It should be remembered that this case arose in the context of an unfair labor practice, which, pursuant to law, was submitted to PERC, an agency established by the legislature to, among other things, expeditiously resolve charges of unfair labor practices. In section 447.503(6)(a), Florida Statutes (1979), the legislature provided that:
If, upon consideration of the record in the case, the commission finds that an unfair labor practice has been committed, it shall issue and cause to be served an order requiring the appropriate party or parties to cease and desist from the unfair labor practice and take such positive action, including reinstatement of employees with or without pay, as will best implement the general policies expressed in this part.
Thus, the legislature has designated PERC as the forum for resolving matters such as this, involving public employees, and has specifically directed PERC to take positive action in resolving the dispute, which, in its discretion, may include allowing or disallowing back pay in order to effectuate the policy interests involved in this act.
In a somewhat similar case, Lee v. Florida Department of Highway Safety & Motor Vehicles, 438 So.2d 405 (Fla. 4th DCA 1983), involving termination of a Florida highway patrolman in a proceeding before the Career Service Commission, Judge Daniel T.K. Hurley, writing for this court, said:
[T]he dispositive issue is whether the common law distinction between police officers and employees, as it relates to awards of back pay, has survived the advent of the Career Service System.
As we view it, the enactment of Chapter 110 with its creation of the Career Service System constitutes a new, com *1297 prehensive method for dealing with state employment. Trooper Lee concedes, as he must, that Florida highway patrolmen are covered by the Florida Career Service System. ... Section 110.205(1), Florida Statutes (1981), expressly states that “[t]he Career Service ... shall include all positions not specifically exempted _” Florida highway patrolmen are not specifically exempted. Thus, Trooper Lee, as a member of the Highway Patrol, is entitled to the full protection of the Act. Similarly, he is subject to its restrictions — one of which allows the Commission to reinstate an employee “with or without back pay.”
Id. at 406 (citations omitted).
Numerous cases that review PERC’s orders and those that review similar orders of the National Labor Relations Board accord broad discretion to such agencies. For example, the Florida Supreme Court recognized the commission’s broad remedial authority in School Board of Marion County v. PERC, 334 So.2d 582 (Fla.1976), in which it cited with approval the case of NLRB v. Gissel Packing Company, 395 U.S. 575, 89 S.Ct. 1918, 23 L.Ed.2d 547 (1969), wherein the United States Supreme Court said:
In fashioning its remedies under the broad provisions of s. 10(c) of the Act (29 U.S.C. 160(c)), the Board draws on a fund of knowledge and expertise all its own, and its choice of remedy must therefore be given special respect by reviewing courts. See Fibreboard Paper Products Corp. v. NLRB, 379 U.S. 203, 85 S.Ct. 398, L.Ed.2d 233 (1964).
395 U.S. at 612 n. 32, 89 S.Ct. at 1939 n. 32.
We conclude that, in resolving a labor dispute and fashioning a remedy to rectify a violation of the law concerning labor relations in the public sector, PERC draws upon its enlightened experience in such matters and its decision is entitled to great deference by the courts. In the present case, we believe PERC was well within the ambit of its discretion in requiring mitigation by the officers. Furthermore, although the evidence adduced by some of the officers was far from overwhelming, it was sufficient if believed by the hearing officer and, thus, competent to satisfy the mitigation requirement. We note in passing that this problem will not likely arise again, since in the final agency order herein PERC took pains to set forth the standard to be used in mitigating damages in this type of case.
The Town next complains that the agency order should be reversed because the agency did not even follow its own standards. In the first order PERC stated that it had not previously had the occasion to discuss the various factors it would have to consider when examining mitigation efforts of a discriminatee seeking back pay. The order then set forth in some detail PERC’s policy regarding the extent of the effort required to fulfill the mitigation obligation. PERC concluded that “in future back pay proceedings we shall require a claimant to make such efforts and to produce contemporaneous written documentation of these efforts in order to be entitled to an award of back pay.” However, PERC went on to say that it felt it was entirely appropriate to utilize a somewhat less stringent standard in this case because it had not theretofore sufficiently advised the public of its intention to utilize a more stringent standard. In its order denying the Town’s motion for reconsideration PERC stated:
As we stated on page 7 of our order, we chose to apply a lesser standard than the one we will apply to all future claimants simply because we had not previously announced a definite standard for mitigation efforts by rule or by decision. In the absence of specific guidelines to follow in conducting their affairs, it appears to us to be inherently unfair to judge the claimants’ mitigation efforts by a standard developed subsequent to those efforts.
We find no fault with this exercise of PERC’s discretion.
In arriving at the amount of back pay, PERC considered various elements, of which the Town takes issue with four. *1298 They are (1) interim wage increases, (2) overtime, (3) detail work and (4) interest.
It appears that, after the officers were terminated, the Town granted three pay increases to all other Town employees, except management. The hearing officer concluded that, had the officers not been terminated, they too would have received as much of an increase as the least increase granted other employees of the Town during that period. This appears eminently fair to us and we align ourselves with the Seventh Circuit Court of Appeals’ case of Golay & Co. v. NLRB, 447 F.2d 290 (7th Cir.1971), which held that the burden of proof is on the employer to demonstrate that the officers would not have received such an increase if they had then been employed by the Town.
PERC also considered post-overtime work, which was available to officers, as well as “detail work,” which is outside work for private concerns available to off-duty police officers. Without plumbing all the ramifications of such factors, we find their consideration to be justified.
The hearing officer applied an interest rate of twelve percent to the amount due the officers from the date of their unlawful discharge. One of the few modifications of the recommended order by PERC was made with regard to the interest calculation. The hearing officer had assessed twelve percent interest on the entire amount of the back pay due from its inception date, yet it is obvious the Town did not have the use of all of the officers’ money from that date. Thus, PERC ordered the same interest rate to be applied beginning at the midpoint of the back pay period until the obligation is paid. There is authority for such a resolution of the interest assessment, Marshall v. Meyer Memorial Hospital, 30 FEP 1577 (W.D.N.Y.1982), and we see no reason to disagree.
Several other points made by FOP involve alleged errors in determining the back pay due the officers. We have considered each contention and find no merit therein except in the case of Officers Politi, Frost and Healy. PERC readily admits that it erred in computing Politi’s back pay for February, 1982, and Frost’s back pay for March, 1982, since each sought employment from the Seminole Police Department during those respective months. With regard to Healy’s back pay award, PERC admits error in not reversing the hearing officer’s setoff of income received by Healy during the nine months in question. In awarding Healy back pay for the entire nine months from February through October, 1981, the hearing officer deducted workers’ compensation benefits and imputed earnings as a setoff. When PERC reversed the hearing officer’s award and deducted the nine months’ back pay, it failed to add back the amount previously set off, resulting in a double deduction. These concessions should be rectified upon remand.
The final point made by the Town is that PERC erred in awarding attorney’s fees and costs to FOP for maintaining this proceeding. This, of course, was based upon the Town’s theory for the entire litigation that the officers were not entitled to any back pay because they did not make an adequate effort to mitigate their damages. The decision on that score has gone against the Town at every level, including this one. Section 447.503(6)(c), Florida Statutes (1983), provides:
The Commission may award to the prevailing party all or part of the costs of litigation, reasonable attorney’s fees, and expert witness fees whenever the Commission determines that such an award is appropriate.
Thus, having prevailed, the officers are entitled to attorney’s fees and costs for their efforts and PERC, once again, acted within its discretion.
Accordingly, the final agency order appealed from is affirmed in all respects except as to the amount of the award to Officers Politi and Healy, which award should be modified by the agency in accordance with PERC’s order contained in its brief in this cause.
AFFIRMED AND REMANDED FOR MODIFICATION.
*1299 HURLEY, DANIEL T.K., and WESSEL, JOHN D., Associate Judges, concur.