# PARSONS v DEPARTMENT OF HEALTH AND REHABILITATIVE SERVICES

Case No. 87-5321

State of Florida, Division of Administrative Hearings

February 19, 1988

## APPEARANCES OF COUNSEL

**G. Steven Pfeiffer, Fowler, White, Gillen, Boggs, Villareal & Banker, P.A.,** for petitioner.

**John L. Pearce** for respondent.

## OPINION OF THE COURT

MICHAEL M. PARRISH, Hearing Officer.

### *RECOMMENDED ORDER*

Pursuant to notice, a formal hearing was conducted on January 6,

1988, at Tallahassee, Florida, before Michael M. Parrish, a duly designated Hearing Officer of the Division of Administrative Hearings. The parties were represented at the hearing.

## ISSUES AND INTRODUCTION

The issue in this case is whether the Petitioner's request to become a candidate for election to the office of County Judge while retaining his state employment should be granted or denied. The final hearing in this case was consolidated, for purposes of hearing only, with the final hearing in two related cases; namely, Case No. 87-5313R and 87-5437. At the final hearing all parties presented testimony and the Petitioner also offered six exhibits, all of which were received without objection. At the conclusion of the hearing, all parties agreed to a ten-day deadline for the filing of proposed orders. All parties have filed proposed orders containing proposed findings of fact and conclusions of law. The parties' proposed orders have been carefully considered during the preparation of this recommended order and specific rulings on all proposed findings are contained in the Appendix which is attached to and incorporated into this recommended order.

## FINDINGS OF FACT

1. The Petitioner, Mr. Parsons, is employed by the Department of Health and Rehabilitative Services ("DHRS") as an "Assistant Mental Health Hospital Administrator." He is a career service employee of the State of Florida. By memorandum dated October 23, 1987, Mr. Parsons submitted a "Notice Of Intent To Run For Local Political Office." The memorandum was directed to Mr. Parsons' supervisor, Mr. Britton D. Dennis. The memorandum sought approval from DHRS and from the Department of Administration ("DOA"), described the nature of the political office Petitioner is seeking, and described the working hours of the position and the salary. In the memorandum, Mr. Parsons stated that he would not campaign on job time, and would not make use of any of the state's facilities in regard to campaign activities. He also stated his intention to request a leave of absence and that he would resign from his current position with DHRS if elected.

2. The District Administrator of DHRS denied Mr. Parson's request for approval to become a candidate by letter dated October 30, 1987. The Administrator stated that the request was being denied ". . . because your candidacy would be in violation of Chapter 22A-13.002, Personnel Rules and Regulations, Florida Administrative Code, and Section 110.233(4), Florida Statutes." On October 30, 1987, Mr.

189

Parsons' supervisor, Mr. Britton D. Dennis, indicated that he would deny the request for leave of absence because he felt that the position held by Mr. Parsons could not be vacant for an extended period of time. Mr. Parsons responded that he nonetheless desired to be a candidate for the local political office, and that he would not campaign on the job, nor use state facilities for campaign purposes.

3. By letter dated November 5, 1987, the Secretary of DOA stated that she was unable to approve Mr. Parsons' request because it had been denied by DHRS, and because, if elected, the duties would be performed during assigned working hours. The Secretary of DOA cited DOA Rule 22A-13.002(4)(a) and (b), Florida Administrative Code.

4. This proceeding ensued. Mr. Parsons filed a petition challenging the denial of his request by DHRS, a petition challenging the denial of his request by DOA, and a petition challenging the validity of the DOA rules that had been cited in support of the denials.

5. Mr. Parsons serves as the Administrator of Forensic Services at Florida State Hospital in Chattahoochee, Florida. Mr. Parsons has administrative responsibility for the day-to-day operations of the Forensic Unit. The Forensic Unit houses psychiatric patients who have been placed in the hospital in connection with criminal charges. These patients have been found incompetent to stand trial on criminal charges, have been committed as "mentally disordered six offenders," or have been hospitalized after having been found not guilty of criminal charges by reason of insanity. Mr. Parsons answers directly to the Administrator of Florida State Hospital. Mr. Parsons supervises approximately 700 employees. Mr. Parsons has performed his job duties in an exemplary manner. He has always received the highest evaluations and he has been an innovative leader of the Forensic Unit.

6. Mr. Parsons is seeking to stand for election to the position of County Judge in Gadsden County, Florida. The position of County Judge is a full-time position. If elected, Mr. Parsons could not continue in his employment with DHRS. He has clearly stated that if elected he would resign from his employment with DHRS.

7. Mr. Parsons will conduct his campaign activities in such a manner as not to interfere with his employment with DHRS. If DHRS prefers, he will take a leave of absence without pay from his employment during the course of the campaign. If his supervisor does not wish for him to take a leave of absence, Mr. Parsons will conduct his campaign without a leave of absence. In either event, Mr. Parsons will conduct no campaign activities while on the job and he will utilize no state facilities in his campaign. It is possible that Mr. Parsons' job with

DHRS would make it difficult for him to campaign at certain times. In the event of such conflicts, Mr. Parsons will give precedence to his job responsibilities and will forego campaign activities to the extent they conflict with the fulfillment of his job responsibilities.

8. There are limited times during which Mr. Parsons serves as the Administrative Officer of the Day for Florida State Hospital, as well as limited times when he serves as the Administrative Officer of the Day for the Forensic Unit. During these times he is required to be in contact with the hospital by "beeper" on a twenty-four hour basis. The beeper service used by the hospital for Administrative Officers of the Day allows the officer to be contacted at any location in Gadsden or Leon County. Mr. Parsons' campaign activities would be conducted in Gadsden County only and he would be available to respond as Administrative Officer of the Day to the same extent that he and other employees who share this duty are presently available. Mr. Parsons' campaign activites would not conflict with his job responsibilities with DHRS. Indicative of his ability to conduct outside activities without interfering with his job responsibilities at DHRS is the fact that Mr. Parsons has conducted a part-time private practice of law during the past three years without any conflict with his DHRS job responsibilities.

9. The Department of Administration has adopted rules regarding requests to run for or hold local public office. Those rules provide, in pertinent part, as follows:

22A-13.002 Statements of Policy

. . .

(2) Section 110.223(4)(a) further provides that no employee shall hold or be a candidate for public or political office while in the employment of the state unless:

(a) The employee is seeking or holding a local public office and;

(b) Such candidacy and office is authorized by the employee's agency head and approved by the Department of Administration as involving no interest which conflicts or activity which interferes with his/her state employment.

(3) Candidacy for or holding a local public office shall be presumed to involve an interest which conflicts with an employee's state employment when the campaign or the office, if elected, is likely to give rise to a situation in which regard for a private or local interest tends to lead to a disregard of the employee's duty as a state employee.

(4) Candidacy for or holding local public office shall be presumed to involve activities which interfere with an employee's state employment in the following instances:

(a) The office is a full-time office.

(b) Campaign or, if elected, office activities are performed during the employee's assigned working hours with the State.

(c) Campaign or, if elected, office activities will involve the use of State space, personnel, time, equipment, or supplies.

10. In its application of the foregoing rule provisions, DOA reads those provisions in conjunction with Rule 22A-13.0031, Florida Administrative Code, regarding procedures. DOA has interpreted and applied the presumptions in the foregoing rule provisions as rebuttable presumptions, rather than as conclusive presumptions.

11. On at least one prior occasion since the challenged rule provisions went into effect, the DOA and the DHRS granted approval for an employee of DHRS to become a candidate for the office of County Judge without requiring resignation from state employment.

## CONCLUSIONS OF LAW

1. The Division of Administrative Hearings has jurisdiction over the subject matter of and the parties to this proceeding. Sec. 120.57, Fla. Stat.

2. Section 110.233(4)(a), Florida Statutes, reads as follows:

(4) As an individual, each employee retains all rights and obligations of citizenship provided in the Constitution and laws of the state and the Constitution and laws of the United States. However, no employee in the career service shall:

(a) Hold, or be a candidate for, public office while in the employment of the state or take any active part in a political campaign while on duty or within any period of time during which he is expected to perform services for which he receives compensation from the state. *However, when authorized by his agency head and approved by the Department of Administration as involving no interest which conflicts or activity which interferes with his state employment, an employee in the career service may be a candidate for or hold local public office.* The Department of Administration shall prepare and make available to all affected personnel who make such request a definite set of rules and procedures consistent with the provisions herein. (emphasis added)

192

3. As noted in the final order issued today in DOAH Case No. 87-5313R:

> The underscored portion of the statute makes it possible for a state employee to do either or both of two things; one is to "be a candidate for" and the other is to "hold" a local public office. By the use of the word "or" in the last clause of the underscored portion of the statute, the clear meaning of the statute is that a state employee can seek approval to either "be a candidate for" *or* can seek approval to "hold" local public office, without having to seek or obtain approval for both the candidacy and the officeholding. By providing for approval of one or the other, the statute clearly envisions the possibility of approval of a request to become a candidate where the candidacy is one "involving no interest which conflicts or activity which interferes" with state employment, even though the *holding* of that same office would conflict or interfere with state employment. In this regard, it is significant to note that there is nothing in the statute that limits the scope of the statute to part-time offices. As a matter of simple logic, given the customary hours of government offices, nearly every full-time local public office would conflict with state employment because the employee/office-holder could not be in two places at the same time. Nevertheless, the statute allows employees to become candidates for such offices — offices that the same statute does not, as a practical matter, permit them to hold. Such being the case, the statute clearly treats being a candidate for office and holding an office as separate and distinct circumstances, one of which may be approved without consideration of the other.

4. It is important to emphasize that in this case the Petitioner is *not* seeking approval to *hold* the office of County Judge while retaining his state employment. The conflicts between *holding* that office and continuing to be a full-time state employee are obvious. But that conflict will never come about, because if the Petitioner is unsuccessful in his bid for election, he will not hold office, and if he is successful, his status as state employee will be voluntarily relinquished before he assumes the statute of officeholder. In sum: there being no request for authorization to *hold* the office, the question of whether such officeholding would be a conflict is irrelevant to the real issue at hand — the issue of whether the Petitioner should be authorized to become a *candidate* for local public office.

5. There are only two statutory criteria for approval of a request to become a candidate. The first is whether the candidacy involves an

interest which conflicts with the employee's state employment. The second is whether the candidacy involves an activity which interferes with the employee's state employment. (See *Dept. of Administration v. Nelson,* 424 So.2d 852 (Fla. 1st DCA 1982), at 860.) The evidence in this case clearly shows that these two *statutory* are met. The Petitioner's candidacy will not involve any interest which will conflict with his state employment. Similarly, his candidacy will not involve any activity which will interfere with his state employment.

6. There are also rule criteria to be considered; specifically, the provisions of Rule 22A-13.002(2), (3), and (4), Florida Administrative Code, which are the subject of the final order issued today in DOAH Case No. 87-5313R. Those rule provisions create certain presumptions which apply to requests for approval to become a candidate for local public office. However, the Department of Administration has interpreted those presumptions as being "rebuttable" presumptions, and by the evidence in this case the Petitioner has clearly rebutted the presumptions in the rule provisions.

7. The final, and crucial, matter to be addressed is whether the office of County Judge is a "local public office." [1] The term "local public office" is not defined in either Section 110.233, Florida Statutes, or in Rule 22A-13.002. Given its plain and natural meaning, it would appear, as a general rule, to include all public offices at the municipal and county level. It appears to include the offices of Sheriff and School Board member. See *Humphries v. Dept. of Highway Safety and Motor Vehicles,* 400 So.2d 1311 (Fla. 1st DCA 1981), and *Dept. of Administration v. Nelson,* supra. And the evidence in this case shows that on at least one prior occasion both the Department of Health and Rehabilitative Services and the Department of Administration have approved the request of an employee who sought to become a candidate for the office of County Judge. Such prior approval notwithstanding, for the reasons which follow, the office of County Judge appears to be a "state" office as distinguished from a "local" office. First, the office of County Judge is not among the various county officers created by Article VIII of our State Constitution. Rather, the office of County Judge is provided for in Article V of the Constitution, along with the other state judicial officers. Second, while the territorial jurisdiction of a County Judge is

---

[1] Because of the manner in which I resolve this issue, the conclusions in paragraphs 3 through 6, above, are largely unnecessary and interests of administrative economy would normally have dictated their omission. However, because I recognize my ultimate conclusion regarding the nature of the office of County Judge is, at best, a close class with little in the way of guiding precedent, it appeared to be the better course to include a discussion of all the issues.

*normally* restricted to the territorial limits of the county in which he has been elected, a County Judge can be assigned by the Chief Judge of his judicial circuit or by the Chief Justice of the Florida Supreme Court to perform judicial functions outside of the County Judge's home county. See Rules 2.030(a)(2)(B)(iii), 2.030(a)(3)(A), 2.030(a)(4), and 2.050(b)(4), Florida Rules of Judicial Administration. Also see, generally, the discussion at Attorney General Opinion 85-103 (December 19, 1985) regarding the classification of certain officers as state, county, or district officers. Because it is a state office created in Article V of the Constitution and because the incumbent of the office may be called upon to perform duties in more than one county, the office of County Judge does not appear to be a "local public office." Accordingly, it is not an office for which permission to be a candidate can be authorized or approved under the proviso of the penultimate sentence of Section 110.233(4)(a), Florida Statutes.

8. In brief summary: The Petitioner's proposed candidacy would not involve any interest which conflicts or activity which interferes with his state employment. Further, the Petitioner's evidence in this case has rebutted any presumptions to the contrary in Rule 22A-13.002(2), (3), and (4), Florida Administrative Code. Accordingly, the Petitioner has established his eligibility for the approval and authorization he seeks, *if* he is seeking a "local public office." However, because the office of the County Judge is not a "local public office" within the meaning of Section 110.233(4)(a), Florida Statutes, the office of County Judge is not an office for which such approval and authorization may be granted.

## RECOMMENDATION

For all of the foregoing reasons, it is recommended that the Department of Health and Rehabilitative Services enter a final order denying the Petitioner's request to become a candidate for election to the office of County Judge.

DONE AND ENTERED this 19th day of February, 1988, at Tallahassee, Florida.