SMITH, Chief Judge.
Williams appeals a final order of the Public Employees Relations Commission (PERC) upholding the action of the Department of Transportation (DOT), dismissing him from his employment. Because DOT did not follow the disciplinary standards for dismissal set forth in its own rule, Rule 14-17.005, Florida Administrative Code, we reverse.
Williams, a twenty-one-year career service employee, was dismissed in 1986 from his position as an accountant III on charges that he caused three late payments to vendors. He appealed his dismissal, under provisions of section 447.207(8); Florida Statutes (1985). The hearing officer appointed by PERC to hear Williams’ appeal of his dismissal determined, based on competent substantial evidence, that Williams had violated Rule 14-17.005(8)(d) by failing to follow instructions, and that he had also been guilty of conduct which constituted a persistent failure to comply with section *995 215.422, Florida Statutes, and accordingly found that DOT had established just cause for Williams’ dismissal.
After Williams filed exceptions to the hearing officer’s recommended order, PERC remanded for consideration of certain evidence pertaining to Williams’ alleged derelictions, and further ordered the hearing officer, in the event he found it appropriate, to revisit the issue of mitigation under section 447.208(3)(d), Florida Statutes, giving particular attention to Florida Administrative Code Rules 14-17.-005(7)(a) and (c), and (9)(d).
On remand, the hearing officer found no basis for change in his findings as to the evidentiary matters referred to by PERC. However, the hearing officer withdrew his recommendation upholding Williams’ dismissal, and concluded, based upon consideration of Rule 14-17.005(7)(a) and (c), and (9)(d), that dismissal was an impermissible sanction, and that the proof of Williams’ third occurrence of “Failure to Follow Instructions,” (Rule 14-17.005(8)(d)) only warranted disciplinary action of suspension without pay for up to thirty calendar days.[1] PERC, however, in its final order, rejected the hearing officer’s supplemental recommendation, and instead, adhered to the finding and recommendation in the hearing officer’s original recommended order, that is, that Williams’ conduct (although admittedly rising only to the level of “failure to follow instructions”) violated section 215.-422 and warranted dismissal as ordered by DOT.
We find that the supplemental recommended order of the hearing officer correctly determined that the rule controlled, and that PERC’s order upholding the dismissal in the face of DOT’s rule requiring a different disposition was in error.
DOT’s Rule 14-17.005(9)(d) provides an escalating scale of disciplinary actions for “Failure to Follow Instructions.” Under subsection (9)(d), the first occurrence should result in a written reprimand; the second should result in suspension without pay up to five work days; the third should result in suspension without pay up to thirty calendar days; and the fourth should result in dismissal. This disciplinary action is to be imposed in accordance with the guidelines contained in Rule 14-17.005(7), subparagraph (c) of which provides:
(c) In many cases, these guidelines present a range of disciplinary actions which may be taken for any given offense. Where a range is suggested, such as “suspension without pay — up to five work days,” the minimum disciplinary action should be a suspension for the remainder of the work shift and the maximum would be a suspension for five (5) workdays. Where the range of action covers more than one form of discipline, such as “written reprimand to suspension without pay — up to 30 calendar days,” the minimum action would be a written reprimand and the maximum would be a suspension up to 30 calendar days.
Thus, assuming Williams had been guilty of three “occurrences” of failure to follow instructions, as the hearing officer found, the maximum punishment allowed by the rules would be suspension for up to thirty days. There had been, it is true, prior instances of reprimands by Williams’ superiors, but as PERC itself correctly recognized, one involved an oral reprimand which has no cumulative effect and the other occurred at a time too remote to be taken into account in the present proceeding. Rule 14-17.005(7)(a).
DOT recognizes that it did not follow the disciplinary standards for dismissal set forth in Rule 14-17.005, but it nevertheless contends that dismissal was appropriate pursuant to section 215.422(9), Florida Statutes (1985). Section 215.422, which requires agencies of this state to promptly process vendors’ invoices for payment, provides in pertinent part:
(9) Persistent failure to comply with this section by any agency of the state shall constitute good cause for discharge of employees duly found responsible, or *996 predominantly responsible, for failure to comply.
We hold that this 1974 statute,[2] located in Chapter 215 setting forth general provisions governing state financial matters, does not control disciplinary proceedings against DOT’s employees under the provisions of DOT’s Rule 14-17.005 which was promulgated under the authority of section 110.227(2), Florida Statutes (1979).
When the legislature enacted Chapter 110 in 1979, with its creation of the Career Service System, it set forth a new, comprehensive method for dealing with state employment. Lee v. Florida Department of Highway Safety and Motor Vehicles, 438 So.2d 405, 406 (Fla. 4th DCA 1983). Section 110.227(2) required each department to establish rules and procedures for the suspension, reduction in pay, transfer, layoff, demotion, and dismissal of employees in the Career Service. DOT promulgated Rule 14-17.005 to implement the requirements of section 110.227. This rule has the force and effect of the statute. Florida Livestock Board v. Gladden, 76 So.2d 291, 293 (Fla.1954). Accordingly, DOT was required to comply with its rule for implementing disciplinary action against its employee, Williams. Department of Law Enforcement v. Allen, 400 So.2d 777 (Fla. 1st DCA 1981); and Gadsden State Bank v. Lewis, 348 So.2d 343 (Fla. 1st DCA 1977).
While we agree with DOT and PERC that section 215.422(9) specifies, in general terms, a “good cause” for discharge of an agency employee, neither the statute nor any rule sets forth a specific standard for determining “persistent failure to comply” on the part of the agency. We cannot agree that this isolated and previously enacted statute displaces DOT’s later enacted and statutorily mandated rule governing employee discipline. Moreover, even should we agree with appellees that the statute sets forth a separate and distinct authorization for discharge of a state employee, unrelated to all other laws and rules guiding actions by an agency in such matters, the proof here is manifestly insufficient to demonstrate “persistent failure to comply” on the part of DOT. We agree with appellant that DOT’s evidence, consisting of proof as to the untimely processing of the Helena Chemical Company vouchers,[3] together with Williams’ employment record, does not support a finding of “persistent failure to comply” by the agency-
REVERSED and REMANDED for proceedings consistent with this opinion.
WENTWORTH and WIGGINTON, JJ., concur.

. In its final order, PBRC determined that this case involves Williams’ second occurrence of failure to follow instructions, which warrants a suspension up to five work days. We have made no effort to resolve this discrepancy in countable “occurrences” since this was not made an issue by the parties.

. The present language of section 215.422(9) was contained in section 215.422(6), enacted in 1974. Ch. 74-7, § 6, Laws of Florida.

. In his supplemental recommended order the Hearing Officer found that DOT had just cause to discipline Williams for untimely processing vouchers of Helena Chemical Company, Hay Sales Co., and General Portland, Inc. Williams disputed the untimely processing of Hay Sales and General Portland vouchers and PERC did not deem it necessary to resolve this dispute in its final order, nor do we. For purpose of this appeal, we accept the proof of the untimely payment to Helena Chemical Company.