NIMMONS, Judge.
The appellant appeals from an order[1] of the Public Employees Relations Commission (PERC) upholding the hearing officer’s determination that the appellant violated Section 447.501(l)(a) and (b), Florida Statutes (1987), by abolishing its paid full-time fire department in retaliation for positions taken by the appellee during collective bargaining negotiations. We agree with PERC’s order concluding that there was competent substantial evidence to support the hearing officer’s (1) rejection of the appellant’s assertion that the decision to disband the fire department was done for purely economic reasons, without consideration of union activities, and (2) finding that the appellant’s motivation for terminating the paid fire department was in retaliation for positions taken by appellee during negotiations and that appellee would not have, in the absence of such anti-union motivation, replaced all bargaining unit employees with volunteers. See Pasco County School Board v. Florida Public Employees Relations Commission, 353 So.2d 108, 117 (Fla. 1st DCA 1977). There was no basis for PERC to have rejected such findings by the hearing officer.
Appellant asks this court to determine whether a city’s decision to abolish its paid fire department and replace it with a volunteer department is a management decision or a mandatory subject of bargaining. In view of the above referred findings of the hearing officer and PERC, we decline — as did PERC — to issue what would amount to an advisory opinion on that sub *366 ject. This court has held that it will not issue an advisory opinion on a matter not ruled upon by PERC. City of Ft. Lauderdale v. Fraternal Order of Police, Ft. Lauderdale Lodge 31, 543 So.2d 320 (Fla. 1st DCA 1989). This is simply an unlawful motivation case. A city’s decision to abolish its paid fire department and replace it with a volunteer department may indeed be a management right. But the law is clear that a public employer cannot exercise a management right in retaliation for positions taken by its employees in collective bargaining negotiations. See Pasco County School Board v. Florida Public Employees Relations Commission, 353 So.2d 108 (Fla. 1st DCA 1977); Town of Pembroke Park v. State ex rel. Healy, 446 So.2d 198 (Fla. 4th DCA 1984). The appellant’s argument that since the right to abolish its paid fire department in favor of a volunteer department is a management right “then the City should be able to make that decision at any time as long as it ‘cleansed’ itself from the earlier decision found to be infused with anti-union animus” is unavailing because the appellant failed to demonstrate to the trier of fact that it had in fact cleansed itself of its anti-union animus.
We therefore affirm the subject order. We also affirm the order’s award of a reasonable attorney’s fee and costs in favor of the appellee.
SMITH and ALLEN, JJ., concur.

. This order is reported at 15 FPER para. 20225 (1989). The decretal portion thereof is set forth as follows:
The City of Monticello is hereby ORDERED to:
1. Cease and desist from:
a. abolishing its paid fire department due to employees' participation in activities protected by Chapter 447, Part II, Florida Statutes.
b. in any like or related manner interfering with, restraining or coercing its employees in their exercise of rights guaranteed under Chapter 447, Part II, Florida Statutes.
2. Take the following affirmative action:
a. restore the status quo with regard to its fire department by making collective bargaining unit employees whole who have lost pay since the fire department was dissolved on March 1, 1989, and offer to all bargaining unit employees who were terminated, immediate and full reinstatement to their former positions or to substantial equivalent positions without prejudice to their seniority or any other rights and privileges, and make them whole for any loss of earnings suffered as a result of their termination.
b. upon request, meet with the representatives of the Monticello Professional Fire Fighters Association, Local 3095, IAFF, for the purposes of collective bargaining.
c. pay to Monticello Professional Fire Fighters Association, Local 3095, IAFF, its reasonable costs and attorney’s fees incurred in litigating this case.
d. post for sixty (60) days where notices to employees are customarily posted, copies of a notice to employees furnished by the Commission stating that the City of Monticello will take the above-stated action.
e. notify the Commission in writing within twenty (20) calendar days from the date of this order of the steps that have been taken to comply therewith.
PERC subsequently denied appellant’s motion for reconsideration in an order reported at 15 FPER para. 20281, an order which adequately addressed appellant’s expressed concern.